## No. 13,498.

### CHARLES C. HARDY VS. PAUL PECOT, SHERIFF, ET ALS.

#### SYLLABUS.

In the absence of all privity of contract between the plaintiff and the party called in warranty, a proper case is not made for such a call; and when the party called resides in a parish different from that in which the suit is brought, an exception to the jurisdiction of the court *ratione materiae* should be sustained and the call in warranty dismissed.

APPEAL from the Twenty-Fourth Judicial District, Parish of St. Mary—*Allen, J.*

*Milling & Sanders* for Plaintiff, Appellant.

*Philip H. Mentz* for Ermann & Cahn, Called in Warranty, Appellees.

The opinion of the court was delivered by

WATKINS, J.   The question in this case for the court to decide is one of jurisdiction *ratione materiae,* the suit having been brought in the Parish of St. Mary, and the parties who were cited and excepted, reside in the Parish of Orleans.

The exception to the jurisdiction of the court having been sustained,

and the suit dismissed with reference to said parties, the plaintiff prosecutes this appeal.

This suit is in the nature of a third opposition in which the opponent, as a junior mortgage creditor, seeks to recover from the principal defendant, as prior mortgage creditor, an alleged surplus of the proceeds of a judicial sale of the mortgaged property realized in foreclosure proceedings by executory process over and above the amount of his debt—the sheriff being made a party defendant, also.

The principal defendant resists opponent's demand, on the ground that the proceeds of sale were absorbed by his mortgage debt, interest, cost and attorney's fees, and no surplus remained that is applicable thereto; but if, in point of fact, it should appear that there did remain a surplus, then his claim is that there existed prior liens, charges and demands of other persons against the mortgaged property that ranked his vendor's mortgage far in excess of opponent's judicial mortgage, and that he, as purchaser of the property at judicial sale, was entitled to retain said surplus to meet said demands.

This claim of the defendant was met by a plea of estoppel on the part of opponent, to the effect that he had acquired the mortgage notes which sent the property to sale from Ermann and Cahn of the Parish of Orleans, and that they sold the property mortgaged to The Pecot Sugar Factory Company, Limited, and in the title there was a stipulation of warranty against all mortgages, liens or other encumbrances on the property conveyed; and. that in consequence thereof, neither Ermann and Cahn nor their transferree of the Sugar Company's mortgage notes could urge the aforesaid claims against the opponent who is seeking to exercise the rights of the Sugar Company as its debtor, and which had failed to urge the same against the principal defendant as seizing creditor.

Having filed this plea, opponent called Ermann and Cahn in warranty and cited them to appear in the court in the Parish of St. Mary and answer his demands to make their warranty good; and to that call in warranty the warrantors tendered their exception to the jurisdiction of the court *ratione materiae.*

The following *resume* of the facts we have extracted from the brief of the defendant's counsel, as a comparison of same with the record appears to justify their accuracy:

"The plaintiff, who is the executrix of the last will and testa-
"ment of Chas. C. Hardy, deceased, appeals from a judgment

" sustaining a plea to the jurisdiction filed by Ermann and Cahn,
" whom she called in warranty.

"The facts from which this controversy arises, so far as they
" illustrate the call in warranty against Ermann and Cahn, which
" is the only matter before this Honorable Court, can be briefly
" stated.

"Ermann and Cahn sold a certain plantation to the Pecot Sugar
" Factory Co., Ltd., and the greater part of the price was repre-
" sented by notes. Ermann and Cahn afterwards sold these notes
" to John H. Pharr, who foreclosed upon the property, the notes
" then amounting, less certain credits, and with interest and
" attorney's fees, to over eighty thousand dollars ($80,000). The
" Pecot Sugar Factory Co., Ltd., had meanwhile become insolvent
" and unable to proceed, and its charter had been forfeited and a
" receiver, called in the judgment of forfeiture a commissioner for
" the liquidation of its affairs, had been appointed.

"Pharr brought suit against the commissioner for the liquidation
" of the insolvent corporation, the sheriff sold the property, and
" Pharr acquired it at that sale.

"When Ermann and Cahn sold to the Pecot Sugar Factory Co.,
" Ltd., they gave the usual warranty against encumbrances.

"Charles C. Hardy became a judgment creditor of the Pecot
" Sugar Factory Co., Ltd., his mortgage being inferior to that of
" the vendors, Ermann and Cahn, whose claim passed to Pharr.

" Hardy, after the sale to Pharr, filed a suit against the sheriff,
" making Pharr a party, averring that after deducting the claims
" that Pharr had, from the bid that he made, there remained in his
" hands a sum sufficient to pay the inferior judicial mortgage of
" Hardy."

As disclosing opponent's cause of action and the nature of the claim
he sets up against the alleged warrantors, we make the following
extract from his call in warranty, viz:

"Plaintiff further avers that in said notarial act of transfer, the
" said Ermann & Cahn sold said property with full and general
" warranty of title, against all liens and privileges whatsoever, as
" fully appears by reference to said notarial act of transfer, hereto
" annexed and made a part hereof, and that your plaintiff, upon
" faith of the ownership by said Pecot Sugar Factory Co., Ltd., of
" the property described in said act and sold to John N. Pharr at

"said judicial sale above referred to, and upon the faith of the
"warranty by said Ermann & Cahn in said act, your plaintiff
"gave credit to the Pecot Sugar Co., Ltd., and it is now indebted
"to your petitioner in the sum," etc.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"But in case the said warrantors should fail to appear and suc-
"cessfully defend said suit, or in case your Honors should decree
"that said mortgages and privileges set up in defendant's answer
"are legal and valid obligations and rest upon and affect the prop-
"erty purchased by said Pharr, and that he is entitled to use the
"sums realized in excess of the amount due him upon the vendor's
"privilege, in extinguishing the said mortgages and privileges,
"then that the plaintiff do have judgment against and recover
"from the said Abraham Ermann and Leon Cahn, as warrantors
"of said property, the full sum of," etc.

The record discloses that the claim of opponent is founded upon
a judicial mortgage that resulted from the rendition of a judgment in
its favor against the Sugar Company subsequent to its purchase of the
property from Ermann & Cahn, and the registry of their vendor's
mortgage; and these proceedings were not commenced until after the
lapse of more than a year after Pharr purchased same.

Opponent's claim not having any existence when the sale was made,
he was neither a party nor privy thereto, and was necessarily a third
person to all intents and purposes; but his claim is, that having acted
on the faith of the public records which disclosed the warranty clause
in its deed, and given the Sugar Company credit on that account, he is
entitled to exercise its right of warranty against Ermann & Cahn, and
Pharr, as transferee, of their vendor's notes.

Therefore, his claim is not one that arose ex contractu in so far as
Ermann & Cahn and Pharr are concerned; and Pharr having no con-
nection with the transaction other than as the transferee of the notes,
occupies no contractual relations with either party as to property.

Dealing with the question of jurisdiction, we must determine whether
there is any question of warranty in this case, and if so, what is its
character?

The law declares that the general rule is that the defendant must be
sued before the court of his domicile (C. P. 162); but an exception to
that rule is that "in matters relative to warranty (suits) must be car-

ried before the courts having cognizance of the principal action in which demands for warranty arise." (C. P. 165.)

The law further declares that "real warranty is that which arises in real or hypothecary actions," and "personal warranty is that which takes place in personal actions, and it arises from the obligation which one has contracted to pay the whole of a part of a debt due by another to a third person." (C. P. 379).

The opponent's action is personal, while his call in warranty is real. He demands the surplus of the proceeds of a sale of real estate in money—neither the property sold, nor the mortgage which rested upon it being in any way involved.

When defendant by an answer setting up prior claims on the property ranking his, and opponent urges a plea of estoppel thereto, and then supports same by a call in warranty against Ermann & Cahn, who were not in any manner connected with the original litigation, no privity of contract is disclosed. It is not alleged that they had, at any time, contracted with opponent to pay his debt. That could not be the case, as the debt in favor of opponent had no existence when Ermann & Cahn sold the property to the Sugar Company.

The admitted facts show clearly that they knew nothing of it. And, as opponent alleges that in permitting the Sugar Company to contract its indebtedness in his favor he acted on the faith of the knowledge he obtained from the public records of the existence of Ermann & Cahn's contract of warranty to the Sugar Company, it is clear there is no obligation of warranty in his favor.

And granting that he has the legal right to exercise the rights of the Sugar Company as his debtor against its warrantors, he must be restricted to the kind of cases in which the contract of warranty may be enforced. In our opinion, it is not competent for the opponent to resort to the present form of proceeding in the attempted enforcement of his rights, against Ermann & Cahn, citizens of the Parish of Orleans.

There is no privity between Ermann & Cahn and the opponent, and none between the Sugar Company and opponent.

In Levy vs. Railroad Co., 35th Ann. 616, this court held that "in the absence of all privity between the plaintiff and the party called in warranty, *semble* that it is not a proper case for such a call, under the provisions of C. P. 379; 8 La. 37; 8 R. 27; 8 Ann. 136." Leisey vs.

Tanner, 28th Ann. 299; Wesson vs. Garrison, 8th Ann. 136; Howrin vs. Clark, 8 R. 27.

We have carefully examined the case of Oliver vs. Bry & Stephens, 7 Ann. 590, on which opponent relies, without being influenced thereby to change our views. It might have some bearing on the controversy as to Pharr, but not as to Ermann & Cahn; and that branch of the controversy is not under consideration.

The district judge entertained a proper appreciation of the law of warranty, and we approve his ruling.

Judgment affirmed.