N. O. PUBLIC SERVICE, INC., v. LIND

———

(April 15, 1929. Opinion and Decree.)
(April 29, 1929. Rehearing Refused.)

———

Dufour, Rosen and Kammer, of New Orleans, attorneys for New Orleans Public Service Inc. plaintiff, appellee.

Hopkins and Talbot, of New Orleans, attorneys for William Lind, defendant, appellee.

W. S. Lewis, of New Orleans, attorney for Moritz S. Senton, defendant, appellant.

JANVIER, J. Plaintiff, a corporation engaged in the business, among other things of furnishing electric power, gas and electric power and light, sued William Lind for seven hundred sixty-seven and 75-100 dollars, the balance claimed to be due on bills rendered for furnishing gas and electricity to the premises owned by defendant at 2238 and 2240 Chippewa street. Defendant denied the indebtedness, except to the extent of an item of $3.65, which he admitted might be due by him. In his answer he called in warranty his tenant, the Metalizing Works, Inc., alleging that the contracts for power and light had been made for the benefit of that concern and that the service had been rendered to and received by it and not by him. By supplement answer defendant called in warranty Moritz S. Senton, Fred G. Veith, and the estate of Charles F. Helmecke, alleging that Senton, Veith, and Helmecke were the intended incorporators of the Metalizing Works, Inc., which · corporation had never come into existence, and that, since Veith, Senton, and Helmecke had carried on the business for which the corporation was proposed to be organized, they became liable as commercial partners, and were therefore liable as such for the bills which form the basis of this suit. Judgment was rendered in favor of plaintiff against Lind for $762.09 and in favor of Lind against Veith, Senton, and the estate of Helmecke

solidarily, for a like amount. From this judgment Senton and Veith have appealed.

The defense of Senton and Veith is based on the contention that they did not know that business was being conducted by Helmecke under the name of the Metalizing Works, Inc., and as they knew that the incorporation of that concern had never been completed, they should not be held as partners in a venture which they did not know was being undertaken and which they neither authorized nor ratified.

In the case No. 10,700 of the docket of this court, entitled Lind vs. Senton et al., 120 So. 535, decided February 25, 1929, the same question was presented between the same parties. Lind sued Senton, Veith, and Helmecke for rent due on the property, alleging that they were liable to him as commercial partners because the corporation, the Metalizing Works, Inc., had never come into existence and since they had carried on business in its name. In that case we held the three individuals liable as commercial partners, being of the opinion that the work which they were conducting made them such under Civil Code, art. 2825, and since we were of the opinion that the business, which was being conducted primarily by Helmecke, was within the actual knowledge of Veith and the constructive knowledge of Senton.

In the record presented to us now, there is some additional evidence, and, so far as Veith is concerned, this additional evidence leaves no doubt whatever that he actively participated in the affairs of the concern. This record contains additional letters signed for the concern by him, and we are more than ever convinced of his full and complete knowledge that business was being conducted.

In the present suit, through his counsel,

Senton concedes that if there is any liability it is solidary and that each can be held for the whole debt. He contends, however, that there is no liability, and that we were in error in our first opinion, and that the additional evidence presented here should convince us that Senton had neither actual nor constructive knowledge of the work that was being carried on. There is no doubt that, as to Senton, the situation is somewhat different, in that there is no evidence that he had actual knowledge; but there can be no doubt that he visited the plant on many occasions, and we do not think that he can now be heard to say that he did not see what was going on. He was seen there by Lind, who knew that his premises were leased to the Metalizing Works, Inc., and it was held out to him that Senton was an incorporator and an officer of that concern. It is fair to assume that Lind knew that Senton was a substantial man of affairs, and it may be presumed that his willingness to extend credit to the concern, and to allow his name to be used on contracts for the concern, resulted, to some extent at least, from this knowledge.

Because we are absolutely convinced of Senton's good faith, and that he was victimized in this matter, we have searched the record most diligently to find evidence which would justify us in holding that Senton, under the circumstances presented, was not charged with knowledge that business was being conducted, but can find nothing which changes our original view that he ought to have known what was going on.

Counsel for Senton contends that the facts of this case do not justify a call in warranty for the reason that, as he alleges, there was no privity of contract between Lind and Senton. In support of this argument he cites Hardy vs. Sheriff et al., 104 La. 136, 28 So. 936, in which the court

found the facts pertinent to the present contention to be:

"The record discloses that the claim of opponent is founded upon a judicial mortgage that resulted from the rendition of a judgment in its favor against the ·Sugar Company subsequent to its purchase of the property from Ermann & Cahn, and the registry of their vendor's mortgage; and these proceedings were not commenced until after the lapse of more than a year after Pharr purchased same.

"Opponent's claim not having any existence when the sale was made, he was neither a party nor privy thereto, and was necessarily a third person to all intents and purposes; but his claim is, that having acted on the faith of the public records which disclosed the warranty clause in its deed, and given the Sugar Company credit on that account, he is entitled to exercise *its* right of warranty against Ermann & Cahn, and Pharr, as transferree, of their vendor's notes."

And with reference to these facts, in its opinion the court said:

"The admitted facts show clearly that they knew nothing of it. And, as opponent alleges that in permitting the Sugar Company to contract its indebtedness in his favor he acted on the faith of the knowledge he obtained from the public records of the existence of Ermann & Cahn's contract of warranty to the Sugar Company, it is clear there is no obligation of warranty in his favor."

The case here, however, is entirely different. Lind made contracts for the benefit of Senton, Helmecke, and Veith. They received the benefits of those contracts, and if they did not expressly authorize the contracts, they are bound to have realized that the power and light were being used and had to be paid for. We see no reason why they cannot be called in warranty. We therefore believe that since there can be no question that plaintiff is entitled to payment, and since the main defendant,

Lind, received none of the benefits resulting from the use of the power and light, which he must pay for, and since all the benefits resulting therefrom were received by Senton, Veith, and Helmecke, it should be paid for by them.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, at the cost of appellants.