BANK OF CHILLICOTHE, Appellant, v. DANIEL
ORNSDORFF et al., Respondents.

Kansas City Court of Appeals, November 4, 1907.

1. **BILLS AND NOTES: Consideration: Failure: Services.** A note was given for the sale of a horse. Certain signers thereof had a contract with the payee to help him sell the horse and their compensation therefor was to be deducted from the price. This was not done. *Held*, that such makers could plead a partial failure of consideration.

2. ———: ———: **Innocent Purchasers: Notice.** *Held*, further, that a purchaser of said note with notice of the contract would take it subject to such equity.

3. ———: ———: ———: **Recalling Notice.** A purchaser of such note who had received notice of the claim from said makers, cannot be relieved of the equity on the ground that another maker of said note had told him the matter had been adjusted and he could buy the note, since a maker has no authority to bind his comakers in matters that pertain to their special defense.

4. ———: ———: **Answer: Fraud.** The fact that a failure of consideration may be induced by fraud will not prevent a plea therefor, and the answer in this case is held to be a history of the transaction and sufficient.

Appeal from Grundy Circuit Court.—*Hon. George W. Wannemaker,* Judge.

AFFIRMED.

*Hugh C. Smith* for appellant.

(1) The portion of the answer asked to be stricken out stated no defense and no part of a defense, to the cause of action stated in plaintiff's petition, and is wholly irrelevant and redundant. Poindexter v. McDowell, 110 Mo. App. 235; Harrington v. Com. Co., 107 Mo. App. 423; Bank v. Reichert, 101 Mo. App. 253; Homes v. Farris, 97 Mo. App. 309; Trustees of Christian

University v. Hoffman, 95 Mo. App. 492; Bank v. Fessler, 89 Mo. App. 226; Davis v. Gann, 63 Mo. App. 429; Woodson v. Ritchie, 36 Mo. App. 512; Keck v. Brewing Co., 22 Mo. App. 190; Ewing v. Clark, 8 Mo. App. 570; Hurt v. Ford, 142 Mo. 299; Squier v. Evans, 127 Mo. 519; Boyd v. Paul, 125 Mo. 13; Tracy v. Iron Works, 104 Mo. 199; State ex rel. v. Hoshaw, 98 Mo. 360; Wislizenus v. O'Fallon, 91 Mo. 189; Ewing v. Clark, 76 Mo. 548; Jones v. Shaw, 67 Mo. 670; Rodney v. Wilson, 67 Mo. 125; Henshaw v. Dutton, 59 Mo. 143; Massman v. Holscher, 49 Mo. 88; Smith, Admrs., v. Thomas, 29 Mo. 310; Schneider v. Schiffman, 20 Mo. 572; R. S. 1899, sec. 894; 4 Am. and Eng. Ency. Law (2 Ed.), pp. 147, 148, 484. And it makes no difference whether such agreements are verbal or written. Jennings v. Todd, 118 Mo. 304; 1 Daniels on Negotiable Instruments (4 Ed.); sec. 156; 1 Randolph on Commercial Paper (2 Ed.), sec. 199. (2) There is no fraud or false representation pleaded in such portion of the answer. A false promise is not a false representation. To constitute a false representation the representation must be of a fact having a present or a past existence. Morris v. McMahon, 75 Mo. App. 497; Bullock v. Wooldridge, 42 Mo. App. 363; Estes v. Shoe Co., 155 Mo. 589; Stocking v. Howard, 73 Mo. 26. (3) The court erred in overruling appellant's motion for judgment on the pleadings.

*Hall & Hall* for respondents.

(1) The trial court committed no error in overruling appellant's motion to strike out a part of defendant's amended answer. The statutes expressly provide that such amendments may be made in the discretion of the court at any time before final judgment even after verdict. R. S. 1899, secs. 657, 672, 673. This court even permitted an amendment in the case of Brassfield v. Railroad, 109 Mo. App. 710, in this court. (2) Neither did the trial court err in overruling appellant's motion

for judgment on the pleadings. The answer set up and sufficiently pleaded a valid defense. Bank v. Crandall, 87 Mo. 211; Brokerage Co. v. Gates, 190 Mo. 405; Rhodes v. Dickerson, 95 Mo. App. 395; Wells v. Adams, 88 Mo. App. 223; Leicher v. Keeney, 98 Mo. App. 394; Hoffman v. Gill, 102 Mo. App. 324; Conder v. O'Neill, 176 Mo. 401; Brown v. Hoffelmeyer, 74 Mo. App. 385; Hahn v. Bradley, 92 Mo. App. 399. (3) The appellant had full knowledge of all the facts relating to the fraud and was not an innocent purchaser. Jennings v. Todd, 118 Mo. 306; Investment Co. v. Fillingham, 85 Mo. App. 534; Bank v. Hammond, 104 Mo. App. 403. (4) There was evidence both as to the questions of fraud and notice which was submitted to the jury by instructions as fully and fairly as appellant was entitled to; and the jury found against it on these points, which is conclusive on appeal. James v. Life Assn., 148 Mo. 14; Coats v. Lynch, 142 Mo. 166; Carger v. Railroad, 156 Mo. 641; Ingle v. Mudd, 86 Mo. 216; Culbertson v. Hill, 87 Mo. 553; Lail & Hull v. Ex. Co., 81 Mo. App. 235; Prather v. Railroad, 84 Mo. App. 92; Com. Co. v. Hunter, 91 Mo. App. 436; Beall v. Railroad, 97 Mo. App. 111; Jurden v. Ming, 98 Mo. App. 205.

ELLISON, J.—This is an action on a negotiable promissory note given by defendants to Burgess & Dixon and by them indorsed before due to the plaintiff, in which the contest between the parties was whether certain credits should be given. The judgment in the trial court was for the plaintiff for the amount of the note less the credits, and plaintiff thereupon appealed.

The evidence showed that Burgess & Dixon were dealers in high-bred stallions and that they sold one of these to defendants for $2,400, for which defendants executed their three promissory notes for $800 each; one of them being now in controversy. Burgess & Dixon, through their agent, agreed with three of defendants,

J. E. Berry, D. R. Berry and F. P. Young, that if they would assist in making the sale the sum of $100 would be allowed each of the Berrys and $50 would be allowed Young off their part of the purchase price. They did assist, as agreed, and when the notes were to be signed by them they insisted on credits for such amounts being placed on one of them. The agent promised that the matter would be all right and the credits entered before the notes were delivered. The credits amounting to $250, were never given. The foregoing omits much detail, but is sufficient for an understanding of the points on this branch of the case and our ruling thereon.

Before the notes were due there were some negotiations between Burgess & Dixon looking to their purchase by the plaintiff bank. But the parties claiming these credits notified the bank that credits were claimed and that trouble would ensue if they were not placed on the notes. The bank thereupon informed them that it would not make the purchase until the matter was "settled" or "straightened up." Afterwards, and before the notes were due, one of the signers, but not one of these claiming the credits, informed the bank that the matter had been adjusted, and thereupon the bank bought the notes.

It is plain that there was a failure of consideration in the note to the extent of the sum which the two Berrys and Young were to be allowed on the purchase price of the horse. That much of the purchase price they paid in services rendered, and the note, to that extent, was not for value received.

Notwithstanding that fact the plaintiff bank is entitled to recover the full amount if it was an innocent purchaser. Its cashier, who transacted the business, admits that the Berrys and Young notified him of their claim and of the difficulty about the note. He then became undoubtedly charged with notice and un-

less that notice was withdrawn in some way which would relieve him of the legal results which would ordinarily follow it, the plaintiff's claim of being an innocent purchaser must fail. The effect of such notice is claimed to have been set aside by one of the other makers of the note informing the cashier that the trouble had been adjusted and that it would be all right for the bank to purchase.

We do not see how such information coming from a comaker who was not one of those entitled to the credit, and who was not shown to have been authorized by either of them to make such statement, can bind them. He was a comaker, it is true, and to the extent of each maker in a joint note being liable for its full amount, was interested in any credits which should be had. But a joint maker, by virtue of that relation, has not authority to bind his comakers in matters which pertain to the comakers' special defense.

A question has been made on the answer of the defendants. The facts were set up sufficiently to show a partial failure of consideration, but it was thought proper to amend by adding thereto or interlining therein, allegations of fraud. We perceive no difficulty with the answer, nor the trial court's ruling thereon. A purchaser of a negotiable promissory note may be defeated by showing his knowledge of either fraud or failure of consideration. Failure of consideration, total or partial, may result and the contracting parties be innocent of all intentional wrong, but it may be brought about by fraud. The fact that the transaction which is without consideration has been so conducted as to be good cause to support an action on the ground of fraud, will not prevent a successful plea of total or partial failure of consideration. [Brockhaus v. Schilling, 52 Mo. App. 73, 82.]

This case, with its great number of contentions, as shown by the briefs of the respective counsel, is much

simplified by applying the evidence in plaintiff's behalf to the law as we have stated it. So far as the specific fact of the three defendants being entitled to the credits (unless excluded by the sale to plaintiff) there can be no doubt and the jury necessarily so found. When we connect this with the evidence of the plaintiff's cashier, already referred to, we have facts conclusively appearing which makes it useless to seek for errors which may be thought to affect the main branches of the case. It would therefore serve no useful purpose, and would not affect the result, to discuss many of the suggestions which have been made for and against the judgment. In other words, the verdict of the jury, founded on indisputable evidence, determines that had this action been instituted by Burgess & Dixon, the credits in controversy would be allowed; and plaintiff's own evidence establishing that it had notice of the defense of credits, and that evidence likewise showing that the attempted withdrawal of that notice was not by the parties affected nor their agent, nor any one entitled to represent or estop them, cannot interfere with their defense.

As already intimated, we regard the answer as giving a history of the transaction by stating the facts, and are satisfied that from it there appears the defense of partial failure of consideration. From the record the judgment must necessarily be affirmed. All concur.