FINLEY P. MOUNTY, RECEIVER OF M. RUMELY COMPANY, Respondent, v. NEIGHBORS' IMPLEMENT AND VEHICLE COMPANY, Appellant.

Springfield Court of Appeals, December 22, 1916.

1. **BILLS AND NOTES: Notice of Infirmities.** Action on a promissory note endorsed before maturity, given in payment of a cream separator. Under the evidence the company manufacturing the separator was fully aware by its contract with the company selling same that all notes taken upon sales were based on a transaction containing a warranty. The manufacturing company took a note which the purchaser gave the selling company with notice of infirmities caused by a breach of such warranty.

2. **INSTRUCTIONS: Contracts:' Interpretation: Court's Duty.** Where the question of notice of infirmities of a promissory note is a conclusion justified by an interpretation of the contracts, it it the duty of the court to tell he jury the legal effect of such contracts.

Appeal from Wright County Circuit Court.—*Hon. C. H. Skinker*, Judge.

*Ellis, Cook & Barnett* for respondent.

*E. H. Farnsworth* and *Lamar & Lamar* for appellant.

REVERSED AND REMANDED.

ROBERTSON, P. J.—Plaintiff obtained a directed verdict in an action on a promissory note executed by defendant to the Rumely Products Company and by it endorsed before maturity to M. Rumely Company. The defendant has appealed.

The note was given for cream separators purchased by defendants from the Rumely Products Company and it was contended by defendant in the trial court that the separators were not as warranted and were wholly worthless and that the M. Rumely Company became the endorsee of said note with notice of these facts. It is also said that there is such a unity of stockholders and directors and mutuality of purposes for which the two corporations were organized as to lead to the conclusion that the Products Company

was formed as a mere subterfuge to enable the other company to ostensibly appear as a purchaser in good faith of all of the notes taken by the Products Company in the transaction of the business which it is said that it did as a matter of fact for the M. Rumely Company. There was a contract entered into between the two companies wherein the M. Rumely Company is referred to as the Rumely Company and the Rumely Products Company is referred to as the Products Company. We deem it useless to go into details concerning the facts that it is charged are sufficient to disclose the said fraudulent purpose in the organizing of these two companies. It is sufficient to entitle the defendant to have its defense of want of partial or total failure of consideration submitted to the jury, if the relation of these two companies is such that the conclusion may be deduced therefrom that the Products Company was the agent of Rumely Company, or that the Rumely Company acquired the note with knowledge of the transaction upon which it was based and the warranties connected therewith alleged to have been breached. The order upon which the separators were delivered provided for payment in cash upon the dates therein specified and further provided that if any payments were not so made the defendant would execute and forward to the Products Company bankable notes for the purchase price. The order was made on January 14, 1913 and stated therein that it should extend to October 31, 1913. There is no express statement as to when payments were to be made but according to the shipping instructions the last delivery was to be made May 1, 1913. The note is dated November 1, 1913. The order also contained a provision that the goods "are warranted to be made of good material and to do good work when properly set up and adjusted." The order provided that it was made subject to the approval of the Products Company.

The contract between the Products Company and the Rumely Company contained, among many other

provisions lending color to the contention that the Products Company was a mere selling agent of the Rumely Company, the following:

"2. (a) The Rumely Company warrants all goods which the Products Company may purchase hereunder to be made of good materials, and that with good care, proper use and management the same will be capable of doing as good work under the same conditions as any other machinery of the same size and rated capacity, made for the same purpose; written notice shall be given the Rumely Company at its La Porte office by the Products Company within six days from the time of the first use of any such machinery, of any failure thereof to fully perform this warranty, particularly specifying wherein the same fails to fill the same.

"6. The Products Company agrees to sell or accept orders for goods it purchases of the Rumely Company only upon standard printed order forms and upon the usual terms and conditions of the trade in similar lines; that it will not permit any goods to be sold or any orders therefor accepted on credit until such orders shall have been submitted to the Products Company at its La Porte office and duly approved by it there; that will sell all goods subject to the warranty set forth in paragraph 2 hereof and upon no other warranty, and the Rumely Company shall at all times have the right to examine into the financial responsibility and credit of the Products Company's customers before the latter accepts orders on credit, and may at any time refuse to fill any order or orders, if in its judgment such customer or customers is or are not entitled to the credit proposed or that the security offered the Products Company for deferred payments is inadequate; but orders the Products Company may receive in foreign countries for filling there need may not be first submitted to the Products Company at its La Porte office, the Rumely Company, however, shall at all times have the right to examine into and be reasonably satisfied with the manner the

Products Company conducts its foreign trade and the credits it proposes to extend therein.

"14. The Products Company shall endorse and deliver to the Rumely Company notes and securities it receives in settlement for goods sold hereunder when such notes are received, . . . "

It will be observed from reading paragraph 6 that upon all sales on credit the orders therefor were accepted only after the same had been submitted to the Products Company and it was restricted in its sales and required to warrant the goods sold as provided in paragraph 2, so it is evident that the Rumely Company was fully aware that all notes taken upon sales made by the Products Company were based upon a transaction in which this warranty was contained. The Rumely Company was the controlling factor in all sales made by the Products Company and if the Products Company was not the agent of the Rumely Company yet we are impelled to hold that there is evidence that the Rumely Company knew of the details of the transaction in which the note in controversy was given and was fully advised that therein was contained the warranty, the breach of which is relied upon by defendant in this case. [Bank of Chillicothe v. Orndorff, 126 Mo. App. 654, 105 S. W. 664, and Bank of Freeport v. Cape Girardeau and Chester R. Co., 172 Mo. App. 662, 672, 155 S. W. 1111.] The defendant sought in the trial to inject this defense and the trial court held that there was no evidence tending to sustain it.

The trial court should have, as a matter of law, held that the plaintiff took the note involved with notice of its infirmities and submitted to the jury the defense of want or failure of consideration. This question of notice is a conclusion justified by an interpretation of the contracts and it is the duty of the court to tell the jury the legal effect thereof. [State Bank of Freeport v. Cape Girardeau and Chester R. Co., 172 Mo. App. 662, 678, 155 S. W. 1111.]

As to whether or not it should be said as a matter of law that the Products Company was the agent of the Rumely Company in these transactions we shall not undertake to announce at this time because that question is not squarely before us owing to the manner in which the offer of testimony and the rulings thereon were made.

The appellant cites numerous authorities in support of the agency contention and if upon a retrial the question is raised in an effort to sustain the counterclaim they may prove of some value to the trial court in construing the contract, hence we cite them as follows: State Bank of Indiana v. Mentzer, 100 N. W. 69; Wilcox & Gibbs Sewing Machine Co. v. Ewing, 144 U. S. 627; Watkins v. Donell, 192 Mo. App. 640, 179 S. W. 980; Handlan Buck Mfg. Co. v. State Electrical Co., 184 Mo. App. 247, 168 S. W. 785; Zachra v. American Mfg. Co., 179 Mo. App. 683, 162 S. W. 1077; Barrie v. United Rys. Co., 138 Mo. App. 557, 119 S. W. 1020, and Vandagrift v. Bates County Inv. Co., 144 Mo. App. 77, 128 S. W. 1007.

From what has been said it is evident that the court erred in holding that the Rumely Company took this note without notice of the alleged warranty and its breach and for this reason the judgment is reversed and the cause remanded. *Farrington, J.,* concurs; *Sturgis, J.,* concurs and files a separate opinion.

STURGIS, J. (concurring.)—In concurring in the result reached, I wish to say this: The Rumely Products Company was organized to sell the products manufactured by the M. Rumely Company. Practically all the products manufactured by the Rumely Company were sold to and then by the Products Company, and all the business of the Products Company was selling the products manufactured by the Rumely Company. Such was the contract between them, and the cream separators now in question were manufactured by the Rumely Company and sold by the Products Company. The contract further provided that the Rumely Com-

pany warranted its products to the Products Company and that the Products Company should sell under the same warranty so that the breach of warranty plead by defendant as purchaser of these separators is a breach of the warranty of both companies. The contract further provides that all credit sales made by the Products Company should be first affirmed by the Rumely Company, and all sale notes taken by the Products Company should be turned over to and taken over by the Rumely Company, so that all such notes became in effect and in fact payable to and were collected by the Rumely Company. Under these facts, which are undisputed, the question of innocent purchaser is out of the case as a matter of law, and the case should be retried on that theory. [State Bank v. Railroad, 172 Mo. App. 662, 676, 115 S. W. 1111.]