# ELEANOR R. HAY, et al., Appellants, v. BANKERS LIFE COMPANY, Respondent.

St. Louis Court of Appeals. Opinion Filed June 7, 1921.

1. **INSURANCE: Assessment Plan: Limitations Clause in Certificate: Waiver.** In an action on a benefit certificate, a clause in the certificate which required suit thereon to be commenced within one year after the death of the insured, may be waived.

2. **————: ————: Defenses: Insistence Upon One of Several Grounds: Waiver.** Likewise, insistence by the insurer upon one of several known grounds of defense may constitute a waiver of others.

3. **WAIVER: Facts Admitted: Question of Law.** While the question whether there has been a waiver is generally a question of fact, and the sufficiency of the evidence relating thereto is for the jury, yet where the facts and circumstances relating to the subject are admitted or clearly established, waiver becomes a question of law.

4. **EVIDENCE: Letters: Interpretation and Legal Effect: Question of Law.** The question of the construction of letters does not present an issue of fact; their interpretation and legal effect, like that of a contract, is not for the jury, nor the judge sitting as a jury, but is a question of law.

5. **INSURANCE: Assessment Plan: Limitations Cause in Certificate: Denial of Liability on Other Grounds: Waiver.** Where a clause in an insurance certificate required suit thereon to be commenced within one year after the death of the insured, and insurer upon immediate notice of the death of insured denied liability on the ground that insured was not a member at the time of his death because of his failure to pay an assessment, and, after a period of over eighteen months, replying to a demand for payment by the beneficiary's attorney, furnished blanks for proofs of death, stating in the letter, written by its vice-president and general counsel, as its cause for disclaiming liability, that the insured was not a member at the time of his death because of his failure to pay an assessment, but no mention was made therein of the fact that the company would endeavor to invoke the limitation provision in the certificate, *held*, under the evidence, as a matter of law, that the defendant company waived said limitation provision in said certificate.

Hay v. Bankers Life Co.

6. ———: ———: Guaranty Fund: Not Available to Pay Defaulted Assessments. Where an association conducted its business solely on the assessment plan, and by its articles of incorporation required its members to make a deposit in a guaranty fund, *held*, in view of the articles of incorporation, by-laws of the company and the provisions of the entire contract between the member and the company, such guaranty fund was not available for the purpose of paying defaulted assessments.

7. ———: ———: Nonpayment of Assessment: Forfeiture: Evidence: Burden of Proof. The insurer bears the burden of proof to sustain a defense of forfeiture for nonpayment of assessment.

8. ———: ———: Membership in Good Standing: Burden of Proof. In an action on a benefit certificate, the beneficiary has the burden to show that the deceased member was in good standing at the time of his death.

9. ———: ———: ———: Certificate Proof of Good Standing: Presumptions. In an action on a benefit certificate, the certificate of membership is proof of good standing at the time when it was issued, and such good standing will be presumed to have continued until the contrary is made to appear, hence, in such an action, when the certificate is put in evidence, the burden is upon the defendant to show that at the time of his death, the member had lost his good standing.

10. ———: ———: Defenses: Nonpayment of Assessment: Burden of Proof: Continues on Insurer Throughout the Trial. Where the insurer's answer admitted all the facts necessary to make a prima-facie case, and alleged the affirmative defense of nonpayment of assessment, the burden of proof as to that issue was placed upon the insurer by the pleadings and remained there throughout the trial of the case.

11. ———: ———: ———: ———: Evidence: Circumstantial: Question of Fact. In an action on a benefit certificate, where the evidence as to the nonpayment of assessment was all circumstantial, and its essential parts rest entirely on parol, the question is for the trial judge, sitting as a jury, to determine the credibility, weight, and sufficiency of the testimony offered.

Appeal from the Circuit Court of Clark County.—*Hon. N. M. Pettingill*, Judge.

REVERSED AND REMANDED (*with directions*)

*H. Collins Hay, J. A. Whiteside* and *Stone, Gamble, McDermott & Webb,* for appellants.

(1) The defense that the suit was not brought within the one-year period required by the policy must fail, because. (a) The statute of Illinois (Laws 1907, p. 370, sec. 2, Subd. 1, id.; Hurd's 1915-1916 Ill. Rev. Stat., p. 1528, sec. 208v, Subd. 1), which is the same with respect to insurance policies as the statutory law of Missouri, is with respect to contracts generally (Mo. R. S. 1909, sec. 2780), nullifies policy provisions limiting the time within which suits may be commenced to less than three years after the cause of action shall accrue. Dolan v. Royal Neighbors, 123 Mo. App. 147; Roberts v. M. W. A., 133 Mo. App. 207. (b) The fact that the Illinois statute was not enacted until after the policy was executed is immaterial, since it affected the remedy alone. Smith v. Northern, etc., Fire Ass'n (1911), 112 Ga. 192, 70 S. E. 482, 38 L. R. A. N. S. 1016; Start v. Nat. Newspaper Ass'n, 222 S. W. 870. (c) Defendant-respondent's claim that some section of the Illinois statute other than that above cited exempts assessment companies from its application cannot avail defendant for the reason that no Illinois law providing for such exemption was either pleaded or proven, and the defendant-respondent seeks to raise the question for the first time on appeal in this court. Fidelity, etc., Co. v. Moore, — Mo., —, 217 S. W. 286; First Nat. Bank v. Security, etc., Life Ins. Co., — Mo. —, 222 S. W. 832; Dolan v. Royal Neighbors, 123 Mo. App. 147; Roberts v. M. W. A., 133 Mo. App. 207; Laws of Ill. 1907, p. 370, sec. 2, Subd. 1, id. Hurd's 1915-1916 Ill. Rev. Stat., p. 1528, sec. 208v, Subd. 1. (d) The limitation clause is not available to defendant for the additional reasons of: (1) Waiver. Home Life Ins. Co. v. Pierce, 75 Ill. 426; Moore v. Ntl. Acc. Soc., 38 Wash. 31; Hansel-Elcock Co. v. Frankfort-Marine, etc., 177 Ill. App. 500; Lake v. Farmers Ins. Co., 110 Ia. 473; Covenant Mut. Life Ass'n. v. Baughman, 73 Ill. App. 544; Shearlock v. Mut. Life Ins. Co., 193 Mo. App. 430; Dolan

v. Royal Neighbors, 123 Mo. App. 147. (2) Shifting of Position. Farmers' etc., Ins. Co. v. Ferguson, 78 Kan. 791; Mayes v. K. & L. of Sec., 92 Kan. 841; Snyder v. Mystic Circle (Tenn.), 45 L. R. A. (N. S.) 209; 20 Amer. and Eng. Anno. Cases, p. 438; Phoenix Ins. Co. v. Stocks, 149 Ill. 319, 36 N. E. 408; (3) Estoppel. Purdy v. Banker's Life, 101 Mo. App. 91; Shearlock v. Mut. Life Ins. Co., 193 Mo. App. 430. (2) The defense of forfeiture for non-payment of the January, 1915, assessment must fail, because: (a) The burden of proof was on defendant to prove forfeiture by non-payment of the assessment, and the trier of facts had a right to find, as he did, that the weight of defendant's evidence was not sufficient to show that the insured had failed to pay the last assessment in January, 1915. (1) Forfeiture for non-payment of an assessment, like forfeiture for any other reason, is a defense, which the company must establish by a preponderance of the evidence to the satisfaction of the trial court. Mulroy v. Supreme Lodge, 28 Mo. App. 463; Keeton v. Ntl. Union, 178 Mo. App. 301; Bange v. Supreme Council, 179 Mo. App. 21; Watkins v. American Yeomen, 188 Mo. App. 626; Fisher v. Supreme Lodge, 190 Mo. App. 606; Williams v. M. W. A., Mo. App. 221 S. W. 414. (2) Defendant's evidence tending to show non-payment of the assessment was all circumstantial and its essential parts rested entirely in parol, and the trial court, in a case at law, which this case is, was the conclusive judge of its weight and sufficiency, even if such evidence were uncontradicted. Gannon v. Laclede Gas Light Co., 145 Mo. 502; St. L. Union Tr. Co. v. Hill, — Mo., 223 S. W. 434. (3) Defendant's evidence of non-payment was not uncontradicted. It was opposed by other evidence both circumstantial and direct, tending to prove payment. (b) Even if the trial court's finding that the January, 1915, payment was not paid by the assured, the trial court's finding that the guarantee fund was available to liquidate assessments is correct. Elliott on Contracts, chap. 38, sec. 1528; 4 Page on Contracts (2 Ed., 1920), sec. 2053, p. 3554, Fire and

Hay v. Bankers Life Co.

Life Assn. v. Telephone Co., 175 Ky. 96, L. R. A., 1917 D, 952, 193 S. W. 1031; Leschen & Sons v. Mayflower, 173 Fed. 855; Purdy v. Bankers Life, 101 Mo. App. 91; McCoy v. Bankers Life, 134 Mo. App. 35; Smoot v. Bankers Life, 138 Mo. App. 438; Conqueror, etc. Co. v. Aetna Life Etc. Co., 152 Mo. App. 332. (c) There should be a directed judgment for plaintiffs. Union Serv. Co. v. Drug Co., 148 Mo. App. 327; Mountjoy v. Neighbors, etc., Co., 195 Mo. App. 21; Pearson v. Lafferty, 197 Mo. App. 121.

*W. S. Ayres, R. B. Alberson* and *B. L. Bridley* for respondent.

(1) The contract between the Association and Nathaniel Hay was at all times an Illinois contract. 6 Cooley's Briefs on Ins., pages 564-5; Prudential Life Ins. Co. v. Fusco as Admin., 140 S. W. 566; Roberts v. Modern Woodmen, 133 Mo. App. 207, 113 S. W. 726; Lukens v. International Life Ins. Co., 269 Mo. 574; Napier v. Bankers Life Co., 100 N. Y. S. 1072; Supreme Lodge v. Meyer, 198 U. S. 508. (2) The limitation of one year within which to bring action was in Illinois valid and enforceable. Hurd's Revised Statutes of Ill., 1915-16, sec. 234, page 1536; Roberts v. Modern Woodmen, 133 Mo. App. 207, 113 S. W. 726; Dolan v. Royal Neighbors of Am., 123 Mo. App. 147. (3) The presumption is that the Illinois common law is the same as the common law of Missouri prior to the Missouri Statutes prohibiting such contractual limitation. Wade v. Boone, 184 Mo. App. 86, 168 S. W. 360; Brown v. Worthington, 162 Mo. App. 508, 142 S. W. 1082; Morracy v. Fairy Co., 47 Mo. 521; Eckles v. Mo. Pac., 87 S. W. 99. The common law of Missouri prior to the passing of the statute prohibiting limitation of the time within which suit may be brought, was that such limitations in an insurance contract were valid. Dolan v. Royal Neighbors of Am., 123 Mo. App. 147. The law of Illinois with respect to limitation of actions introduced by appellant is

not applicable because it expressly excepts companies operating on the assessment plan. Hurd's Revised Ill. Statutes, 1915-16, section 208, page 1529. (4) The blank proofs of loss having been furnished at the request of and as a courtesy to the beneficiaries of the insured, there could be no waiver of the limitation with respect to the time of bringing action. Loesch v. Union Casualty Co., 176 Mo. 654; Ridgeway v. Modern Woodmen, 157 Pac. 1191; Tuttle v. Association, 132 Iowa, 652, 663; Order of Com'l Travelers v. Boerz, 150, Pac. 822, 829; Allman v. Order U. C. T., 213 S. W. 429; Wintergerst v. Court of Honor, 185 Mo. App. 373. A waiver is an intentional relinquishment of a known right. 29 Cyc. 1091; Loesch v. Union Casualty Co., 176 Mo. 654. Whether the respondent company waived the right to defend on the ground, that the time for bringing suit had expired, was and is a question of fact. Thomas v. National Benefit Association, 84 N. J. L. 281, 86 Atl. 375. (5) This appellate court is limited to the correction of errors of law and will not review a finding of fact by the trial court, such finding of fact by the court, a jury being waived, having the same effect as the verdict of a jury. 4 C. J. sec. 2537, page 645; 4 C. J., sec. 2853, page 876; Finigan v. Railroad Co., 261 Mo. 481; Schwete v. Guerre, 175 Mo. App; Woods v. Johnson, 264 Mo. 289; Simon v. Street Railroad Co., 231 Mo. 131; Miller v. Rankin, 155 Mo. App. 394; Heynbrock v. Hoomann, 256 Mo. 21; Slicer v. Owens, 241 Mo. 319; Mound City Land Co. v. Miller, 170 Mo. 240. (6) Where the finding of fact by the trial court, is not supported by the evidence or is contrary to the evidence, the finding will be reviewed and set aside by the appellate court, as the error is deemed to be one of law. 4 Corpus Juris, sec. 2854, page 881-2; Moore v. Hutchinson, 69 Mo. 429; Schmeiding v. Ewing, 57 Mo. 78; Sandige v. Hill, 76 Mo. App. 540; Blackwell v. Adams, 28 Mo. App. 61. (7) The Doctrine of Waiver, as asserted against Insurance Companies, is only another name for the Doctrine of Estoppel, and can only be invoked where the conduct of the company has been

such as to induce action in reliance upon it, and where it would operate as a fraud on the insured if the Company were allowed to disavow its conduct. Taylor-Baldwin Co. v. Northwestern Fire & Marine Ins. Co., 122 N. W. 396; Dodder v. Pac. Mutual Life Ins. Co. of Calif., 176 N. W. 730; 19 Cyc. 793; Kerr on Insurance, 706, 714-16; Clements on Insurance, 436-437; Insurance Company v. Wolff, 95 U. S. 326, 24 L. Ed. 387; Devens v. Insurance Co., 83 N. Y. 168; Cassimus v. Insurance Co., 135 Ala. 256, 33 S. 163; Thompson v. Insurance 11 N. Dak. 274, 91 N. W. 75; Ruddock v. Detroit Life Ins. Co., 177 N. W. 242-247; Chandler v. Insurance Co., 180 Mo. App. 394, 400. (8) The fact that the Insurance Company denies liability after the loss and before suit, on one ground, does not preclude it from setting up defenses based on other grounds, unless the insured or his beneficiaries are misled by the former action of the company to their prejudice. Cases last cited above. (9) Even if the court erred in finding that the limitation of action found in the contract was valid and applicable, such error would be harmless for the reason that the plaintiff and appellants could not succeed in any event on a new trial, because: A. There is nothing in the record to show that Call No. 127 was paid in cash by Nathaniel Hay or anyone for him. B. Neither the guarantee reserve fund in the hands of the company nor the membership fee paid by Nathaniel Hay were available, or could be used, for the payment of calls or assessments. Smoot v. Bankers Life Co., 138 Mo. App. 430; McCoy v. Bankers Life Co., 134 Mo. App. 35; Hoover v. Bankers Life Co., 136 N. W. 117; Stubbs v. Bankers Life Co., 101 N. E. 638; Bond v. Bankers Life Co., 133 Pac. 854; Brown v. Bankers Life Co., 103 N. E. 508; v. Bankers Life Co., 144 N. W. 1000; Mee v. Bankers Life Co., 72 N. W. 74. (10) The Articles of Incorporation and the By-Laws of the Association are a part of the contract between it and the insured. Meran v. Franklin Life Ins. Co., 160 Mo. App. 407; 6 Cooley's Briefs on Ins., sec. 693; Dolan v. Royal Neighbors of

Am., 123 Mo. App. 147; Smoot v. Bankers Life Assn., 138 Mo. App. 438; Duffy v. Fidelity Mutual Ins. Co., 142 N. C. 103, 55 S. E. 79, 7 L. R. A. (N. S.) 238; Claudy v. Royal League, (Mo., 1914) 168 S. W. 593. (11) The respondent was, under the decisions of the courts of Missouri and on the record herein, doing business on the assessment plan. Smoot v. Bankers Life Co., 138 Mo. App. 438; McCoy v. Bankers Life Co., 134 Mo. App. 35; Missouri Annotated Statutes of 1906, ol. 3, Sec. 7901. (12) Where the appealing party is not entitled to recover in any event, the cause will not be reversed because of errors committed against him for the reason that they are not prejudicial. Walsh v. St. Louis Exposition & Music Hall Assn., 101 Mo. 534; Gutshall v. McGowan, 98 Mo. App. 702; Gillespie v. Henderson, 98 Mo. App. 620; Cunningham v. Cunningham Estate, 220 Ill. 45, 77 N. E. 95; Muench v. Standard Brewery, 113 Ill. App. 512. Evidence of officers of the Association, as to course of business at all times in sending out calls for assessments, is competent. 3 Cooley's Briefs on Ins., page 23-58-59; Nat. Union v. Shipley, 92 Ill. App. 355; Smith v. Clark, 12 Ia. 32; 16 Cyc. 268, note 50; Suits v. United Commercial Travelers, 166 N. W. 222; U. S. F. & G. Co. v. Carmichael, 190 S. W. 648; Hannum v. Waddell, 135 Mo. App. 153. Evidence as to usual custom is prima-facie evidence of notice. Nat. Union v. Hunter, 99 Ill. App. 146; Railroad etc. Association v. Leonard, 82 Ill. App. 214; Eureka Co. v. Robinson, 94 Am. Dec. 65. Regular entries made in the course of business are receivable in evidence. 1 Greenleaf (16 Ed.), sec. 14, pages 53, 204, 206; 2 Wigmore, sec. 1530; 3 Cooley's Briefs, pages 2358-9; National Union v. Hunter, 99 Ill. App. 146; Smith v. Heitman Company, 98 S. W. 1079; Wallarsky v. N. Y. Life, 104 N. Y. S. 1047; National Union v. Shipley, 92 Ill. App. 361. The card showing the condition of the assured's account is competent. Mathias v. O'Niel, 94 Mo. 520. The records are competent where a clerk explained the system of book-keeping, even though he had no personal recollection aside

from the records. Wright v. Railway Co., 118 Mo. App. 392. The affidavits of the employees showing the sending of the notice of Call No. 127 to Nathaniel Hay are competent and constitute prima-facie evidence that such notice was mailed. Hurd's Revised Statutes of Ill., 1915-16, sec. 234, page 1536.'

BECKER, J.—This is a suit on two certificates of membership issued by the Bankers Life Association of Des Moines, Iowa, on March 22, 1898, to Nathaniel Hay, of Springfield, Illinois, for $2,000 each, and a guarantee deposit of $42 on each certificate.

The case was tried to the court without a jury and resulted in a judgment for the defendant on each of the counts. Plaintiffs in due course appeals.

The petition is in two counts and judgment was asked for $2042 and interest on each count.

The answer pleads forfeiture of both of said certificates for the reason that an assessment due in January, 1915, designated as Call No. 127, had not been paid; and further pleads that this action is barred by the limitation clause in the certificates, which provided that no action shall be brought or sustained upon or under the certificate, unless suit is commenced within one year after the day of the death of the member.

The reply denies the affirmative allegations in the answer and pleads the statute of Illinois extending the time within which action might be brought on the certificates sued on to within three years after the death of Nathaniel Hay, and pleads that defendant waived the limitation clause in the certificates by furnishing blanks for formal proof of death in December, 1916, denying liability, at the time, for the sole and only reason that said Nathaniel Hay was not a member of said company at the time of his death because of his failure to pay the January Call.

Plaintiffs introduced in evidence both of said certificates, and the change of beneficiaries thereon, making

plaintiffs the beneficiaries, and proved that plaintiffs were the children and heirs of said Nathaniel Hay.

The uncontradicted proof showed that Nathaniel Hay died at Urbana, Illinois, on February 9, 1915; that the defendant was notified of his death on February 9, 1915, by telegram sent by plaintiff, H. C. Hay, and was asked for instructions as to how to present claim for the amount due under the certificates. The telegram was answered on February 15, by letter, acknowledging receipt of telegram, and stating that the company was holding the claim for advice of payment of January Call; that it had been unable to find any credit for it, and inquiring as to whether it had been paid, and if so, when and how. Deceased's son answered by letter on February 17, stating that he was reasonably certain that the January Call had been paid, but he was unable to find receipt, and inquiring when he might except action by the company and as to how proof of death and claim for money should be made. This was answered by the company on February 19, by letter stating; "Up to this time we have been unable to find any credit showing payment of January Call, and unless you find some evidence that the same was paid, on or before February 1st, we fear that lapse has occurred, in which event it would not be necessary to forward blank for execution, as there would be no liability on the part of the company."

On February 16th an agent of the company at Springfield, Illinois, wrote said son that the company was holding blank proof of death, as they had not yet received the January Call.

In October, 1916, plaintiffs employed counsel to bring suit on the claim under these certificates of membership. No blanks having been furnished plaintiffs to make formal proof of death, such proof had not been made, and counsel desiring to make formal proof of death wrote the company the following letter.

Hay v. Bankers Life Co.

"October 30th, 1916.

"Bankers Life Association,
Des Moines, Iowa.

Dear Sirs:

I have for collection claim of Eleanor R. Hay, Howard R. Hay and Henry Collins Hay, as beneficiaries under certificates of membership numbers 70594 and 70595, issued by your company to Nathaniel Hay, March 22, 1898, amounting to $2042 each, making a total of $4084, together with six per cent interest from date that you first denied liability under these certificates. Nathaniel Hay died in February, I think on the 9th day, 1915. I see from the correspondence turned over to me with the certificates that formal proof of death has not been made for the reason that you denied liability and declined to send blanks on which to make the proof, without you prefer to settle the claim without suit, and I ask that you kindly send me blanks on which to make the formal proof.

After we have made the formal proof of death you may pay the claim or contest the question of your liability in court, as you may prefer. Please send me the blanks and let us get the matter going one way or the other.

Yours truly,
J. A. WHITESIDE."

In answer to this letter the company sent the blanks with the following letter:

"December 29, 1916.

J. A. Whiteside,
Hiller Building,
Kahoka, Missouri.

Dear Sir:--

In response to your favor of December 21, 1916, with reference to certificates Nos. 70594 and 70595, issued to Nathaniel Hay, March 22, 1898, I am sending you herewith our form of blank for proof of death of Mr. Hay, but with the express understanding,

which is endorsed thereon, that the company does not request that the same be furnished or that any expense, time or trouble be incurred in connection therewith; be-- cause as stated in our letter to Mrs. Hay of May 21, 1915, Mr. Hay was not a member of this company at the time of his death, because of his failure to pay the January 1915 Call. His was assessment contracts and the failure to pay the several assessments quarterly with- in a month after the same was made terminated member- ship, as you will see by the certificates, which I presume you have. We will also send a copy of the By-Laws and Articles of Incorporation if desired.

Yours very truly,

I. M. EARLE,

Vice-President and General Counsel."

Formal proof of death was made by plaintiffs at some expense and work and all under the direction of counsel for plaintiffs at Kahoka, Missouri, the witnesses and parties who made the affidavits being at Springfield, Champaign and Urbana, Illinois and Grand Junction, Colorado.

Having waited a reasonable time after mailing form- al proof of death to the company, counsel filed suit on the claim on January 31, 1917.

The court, sitting as a jury, found all issues of fact in favor of plaintiffs; that Call No. 127 was paid, and that Nathaniel Hay died February 9, 1915, and was a member of the Bankers Life Association in good stand- ing when he died; but held that the limitation clause in the certificate applied, and that plaintiffs' cause of action was barred by said limitation clause in the cer- tificates, and for that reason rendered judgment against the plaintiffs.

## I.

We first direct our attention to the question as to whether the defendant, under the record in this case, can be held as a matter of law to have waived the clause in the certificates which requires suit thereon to

be commenced within one year after the death of the insured.

.Even though the limitation clause in the certificates was valid, a point which we need not here decide, it may be waived and insistence upon one of several known grounds of defense may constitute a waiver of the others. [Home Life Ins. Co. v. Pierce, 75 Ill. 426; Moore v. Nat'l. Acc. Soc., 38 Wash. 31; Handell-Elcock Co. v. Frankfort, etc. Acc. Co., 177 Ill. App. 500; Covenant Mut. Life Ass'n v. Baughman, 73 Ill. App. 544; Shearlock v. Mut. Life Ins. Co., 193 Mo. App. 430, 182 S. W. 89; Dolan v. Royal Neighbors, 123 Mo. App. 147, 100 S. W. 487. See, also, Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S. W. 889.]

While the question whether there has been a waiver is generally a question of fact and the sufficiency of the evidence relating thereto is for the jury, yet where the facts and circumstances relating to the subject are admitted or clearly established, waiver becomes a question of law. [27 R. C. L. 912.] So since in this case the question of the waiver is dependent upon the legal effect of the letter of plaintiff' attorney of October 30, 1916, to the defendant company, which the defendant company admits it received; and the letter of December 29, 1916, written by the defendant to the attorney for plaintiffs, which letter was signed by the vice-president and general counsel of the defendant company, and which defendant admits that it sent, the question of the construction of these letters does not present an issue of fact. Their interpretation and legal affect, like that of a contract, is not for the jury, nor the judge sitting as a jury, but is a question of law. [Union Service Co. v. Drug. Co., 148 Mo. App. 327, l. c. 337, 128 S. W. 7; Mounty v. Neighbors Implement & Vehicle Co., 195 Mo. App. 21, 189 S. W. 614.]

The letter of October 30, 1916, written by the plaintiffs' attorney to the defendant company, sets out in detail that the writer held for collection plaintiffs' claim on two certificates issued by defendant, giving their

numbers, date of issuance, amount of each, and to whom issued, and states the total amount of the claim with interest from the date of the denial of liability on the part of the company, and *specifically sets out the day, month, and year of the insured's death,* and further notifies the defendant therein that "*I will file suit on this this claim for the $4084 and interest, without you prefer to settle the claim without suit* ........." (Italics ours.) Thus it clearly appeared from the date of plaintiffs' letter and the date of the death of the insured, as stated therein, that a period of over eighteen months had elapsed since the date of the death of the insured, yet the vice-president and general counsel of the defendant company, in his letter of December 29, 1916, in answer thereto (in which he enclosed forms of proof of death), specifically stated that the reason why the company did "not request that proofs of death be furnished, or that any expense, time or trouble be incurred in connection therewith," was "because, as stated in our letter to Mrs. Hay, of May 21, 1915, Mr. Hay was not a member in this company at the time of his death, because of his failure to pay the January, 1915, Call." But no mention was made therein of the fact that the company would endeavor to invoke the provision contained in the certificates, that suit thereon must be filed within one year from the date of the death of the insured. It is not contended that the defendant, at the time it sent said letter, was not conversant with the limitation provision in the certificates issued by it, nor that it was not aware of the fact that more than one year had elapsed since the death of the insured.

It will be noted that upon the hearing of the case the learned trial judge found against the defendant upon the sole ground which defendant sets out in the letter as its cause for disclaiming liability, and defendant, in its letter, not having mentioned the fact that it would seek to rely upon the provision limiting the filing of a cause of action to within a period of one year, after plaintiffs have gone to the expense of engaging counsel, preparing proofs of death, and filing suit, in the belief that the only

objection that the defendant made to the payment of the certificates was that the January, 1915, assessment No. 127, had not been paid, should be held to have waived whatever right it may have had to set up the said limitation clause as a bar to plaintiffs' right to bring their action.

We therefore hold that the learned trial judge erred in holding that there was no evidence proving or tending to prove a waiver of the provisions of said certificates limiting the time in which suit should be brought, and rule, as a matter of law, that the defendant company waived said limitation provision in said certificates.

## II.

When we turn to the conclusion arrived at by the learned trial judge, sitting as a jury, that the insured was entitled to have his assessment paid out of the so-called "guarantee fund," we are compelled to hold that the learned trial court made an error of law.

By Article 10 of the Articles of Incorporation in evidence, it is provided that the funds of the defendant association shall be kept separate and distinct upon the books thereof, and as to the "guarantee fund" it is provided:

"The guarantee fund, the benefit fund, the reserve fund, and the contigent fund, and such other funds as the Board of Directors may hereafter establish.

"Section 2. The guarantee fund shall consist of the deposits pledged by each member of the Association for the payment of assessments and the said deposit required of each member shall consist of the sum of one dollar for each year of the age of the member at the date of application, counted at his nearest birthday, and may consist of cash, or a note at 4 per cent. interest, payable on such terms as the Board of Directors may prescribe, and the said Board shall have the power to declare a certificate of membership void and of no effect upon defalcation of payment for any note executed for said deposit."

According to the undisputed testimony in the present case, each member of the asociation on becoming such, paid to the association a sum equal to one dollar for each year of his age for each two thousand dollar certificate, which was placed in the guarantee fund. If he dies a member in good standing, the sum is paid to his beneficiary in addition to the amount of the certificate. If the member lapses, the sum so paid goes to the reserve fund, for use in paying death losses when they exceed one per cent. of the insurance in force. In making the assessments on the various members quarterly, an estimate was made in advance of the amount, which would be required for the payment of death losses on the certificates for the ensuing quarter, basing the estimate upon the experience of the company during the previous year in combination with the American Experience Table of Mortality, and the expected losses for the ensuing quarter were calulated from these bases. The amount necessary to pay the Call No. 127, of January, 1915, being in excess of one per cent. of the insurance carried under the certificates, under the provisions of the Articles of Incorporation and By-Laws sets forth the remainder necessary for the payment of death losses over and above the one per cent. was taken from the reserve fund. Then each member was directly assessed in a sum sufficient to pay the death losses, based upon the amount paid by him to the guarantee fund, and not in excess of one per cent. of the insurance of the respondent company on the assessment plan in force. This procedure was in strict conformity with the Articles of Incorporation, the By-Laws of the company and the provisions of the entire contract between the member and the company.

On the record before us we can come to no other conclusion than that the defendant company conducts its business solely on the assessment plan. All that it furnishes its members is temporary insurance covering the time for which the member has paid his assessments. There is no reserve value to its certificates of member-

ship which can carry them beyond the period for which the particular assessment has been levied and paid. This question we had before us and discussed so thoroughly in the case of Smoot v. Bankers Life Ass'n, 138 Mo. App. 438, 120 S. W. 749, that it is unneccessary for us to discuss the question at length. The Kansas City Court of Appeals came to the same conclusion in the case of McCoy v. Bankers Life Ass'n, 134 Mo. App. 35, 144 S. W. 551, in which case it was distinctly held that certificates such as we have before us here were issued on the assessment plan and were not life insurance, and that such certificates are forfeitable for failure to meet the calls and assessments made upon them. It is seriously contended, however, that such a ruling on our part is in conflict with what has been said by our court in Purdy v. Bankers Life Ass'n, 101 Mo. App. 91, 74 S. W. 486.

Our court held in the Purdy case on the evidence then before us, that this guarantee fund was subject to the application of the payment of assessments. In the light of the facts in evidence in the case at bar, we do not think that the decision of our court in the Purdy case is to be followed. It is said by Judge GOODE in that case, that no oral proof was made concerning the practice in the collection of assessments to pay benefits, and that we can only know about the mode in which the benefits were paid from the Articles and the By-Laws; and, referring to the case of Mee v. Bankers Life Ass'n of Minnesota, 69 Minn. 210, 72 N. W. 74, Judge GOODE said that the facts before him in the Purdy case were entirely different, as shown by the evidence, from those in the Mee case; more correctly, that what appeared in evidence in the Mee case did not appear in evidence in the Purdy case. In the case at bar, however, we have a detailed statement of the whole plan and mode of carrying on operations by the defendant company and they are indentical with those reported in the Mee case, so that we are compelled to say that the Purdy case is no authority in the case at bar.

The character of this guarantee fund has been before the courts of other states and they have uniformly held that it is not available for the purpose of paying defaulted assessments. [See Hoover v. Bankers Life Company, 155 Iowa, 322; Mulherin v. Bankers Life Ass'n, 163 Iowa, 740, l. c. 744; Stubbs v. Bankers Life Co., 55 Ind. App. 701; Bond v. Bankers Life Co., 90 Kan. 215, and Mee v. Bankers Life Co., 69 Minn. 210.] The nature and character of this guarantee fund and the manner in which the business of the company is carried on, are so fully set out in the case of Bond v. Bankers Life Co., supra, and here in evidence, that we do not think it necessary to repeat it here. We are of the opinion and so hold that the learned trial court committed an error of law in looking to the guarantee fund for the payment of this assessment.

## III.

According to the finding of facts made by the trial judge at the request of the defendant, the assessment due in January, 1915, known as Call No. 127, on the two certificates here sued on, was paid in cash.

Whatever may be the law in other States the principle is well settled in Missouri that the defendant bears the burden of proof to sustain a defense of forfeiture for nonpayment of an assessment. And, "while the burden was upon the plaintiffs, in an action of this kind, to show that the deceased member was in such good standing at the time of his death (Siebert v. Chosen Friends, 23 Mo. App. 268, 275) yet the certificate is proof of good standing at the time when it was issued, and such good standing will be presumed to have continued until the contrary is made to appear. It follows that, in such an action, when the certificate is put in evidence, the burden is upon the defendant to show that, at the time of his death, the member has lost his good standing." [Mulroy v. Knights of Honor, 28 Mo. App. 463, l. c. 467. See, also, Keeton v. Nat'l. Union, 178 Mo. App. 301, l. c. 308, 165 S. W. 1107; Bange v.

Supreme Council, 179 Mo. App. 21, 161 S. W. 652; Watkins v. Amer. Yoemen, 188 Mo. App. 626, l. c. 615, 167 S. W. 269; Williams v. Modern Woodmen of Amer., 221 S. W. 414, l. c. 416.]

It is admitted here that the defendant's answer in the case admitted all the facts necessary to make plaintiffs' prima-facie case, and the defendant alleging the affirmative defense of nonpayment to relieve itself of liability on these certificates, the burden of proof as to that issue was placed upon the defendant by the pleadings, and remained there throughout the trial of the case. [Swift & Co. v. Mutter, 115 Ill. App. 374; Home Ben. Ass'n. v. Sargent, 142 U. S. 691, 12 Sup. Ct. 332, 35 L. Ed. 1160; Stokes v. Stokes, 155 N. Y. 581, 50 N. E. 342.]

The defendant's evidence on the question of the nonpayment of the assessment number 127 consists of the testimony of witnesses. It is all circumstantial, and its essential parts rest entirely on parol, and even if such evidence were uncontradicted, the question must be submitted to the trial judge, sitting as a jury, to determine the credibility, weight, and sufficiency of the testimony offered. [Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968; 47 S. W. 907; St. Louis Union Trust Co. v. Hill, 223 S. W. 434; Lafferty v. Kan. City Casualty Co., 229 S. W. 750.]

It follows from what we have stated herein that had the learned trial judge correctly applied the law to the facts as found by him, sitting as a jury, judgment in favor of plaintiffs would have resulted. It is therefore ordered that the judgment herein be reversed and the cause remanded with directions to the trial court to enter judgment in favor of appellants.

*Allen, P. J.*, concurs. *Daues, J.*, not sitting.