CARRIE LEE PAYNE, RESPONDENT, v. UNIVERSAL LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.—102 S. W. (2d) 732.

Kansas City Court of Appeals. February 1, 1937.

*Conger R. Smith* for respondent.

*Carl R. Johnson* for appellant.

SPERRY, C.—Mrs. Payne, the beneficiary, sued on a life insurance policy, pleading the policy and compliance with its terms. Defendant insurance company admitted issuance of the policy and pleaded that the policy had lapsed for nonpayment of premiums. It was admitted that the policy was in force until August 19, 1935. The parties will be referred to as plaintiff and defendant. Judgment was for plaintiff, and this appeal is duly prosecuted.

Plaintiff's evidence was to the effect that one week before insured died the agent of defendant called on insured and announced he had come to collect for the insurance; that insured paid him $1.20 and took a receipt therefor; that nothing was mentioned in the conversation about the policy being lapsed or delinquent; that the receipt recited nothing to that effect; that the receipt given was, one

week later, handed back to defendant's agent and that he substituted for it another receipt which was in evidence.

Defendant offered evidence tending to prove the premiums had been in arrears some sixteen weeks prior to one week before death of insured; that the policy had been lapsed on August 19, 1935, for nonpayment of dues; that the money paid about October 15, 1935, was a deposit on such arrearages and the understanding was that when the balance thereof was collected the policy would be reinstated. It was shown that defendant had many times accepted premiums when same were more than four weeks in arrears and waived the forfeiture provisions of the policy. This was sufficient evidence of waiver and plaintiff pleaded waiver in an insurance case when she pleaded the policy and performance of its terms. [Andrus et al., v. Fidelity Mutual Life Ins. Assn., 168 Mo. 151, l. c. 161; Block v. U. S. Fid. & Guar. Co., 316 Mo. 278, l. c. 297.]

Plaintiff made a *prima facie* case when she introduced the policy and proved death of insured. The burden was on defendant to prove nonpayment of premiums and lapse. [Novosel v. Mid-West Life Ins. Co. of Missouri, 276 S. W. 87, l. c. 88; Harris v. Security. Life Insurance Company of America, 248 Mo. 304, l. c. 318.] Having made out a *prima facie* case, plaintiff was entitled to go to the jury on the question of nonpayment of premiums, and it was for the jury to weigh and pass upon the sufficiency of defendant's evidence tending to show nonpayment. [Hay et al., v. Bankers' Life Co., 231 S. W. 1035, l. c. 1039, 1040.] The jury was not bound to believe the evidence of defendant on question of nonpayment, even though it was unimpeached, where there was no undisputed documentary evidence of such a character that the court could declare its legal effect. [Girvin v. Metropolitan Life Ins. Co., 84 S. W. (2d) 644, l. c. 645, 646.] There was no such documentary evidence in this case, and the question of nonpayment was one for the jury.

The acknowledged receipt of premium money one week before death would create a strong presumption that the policy was then in force. If then in force and paid up, it could not be lapsed for nonpayment of premiums until four weeks thereafter, according to the terms of the policy. If the money was paid without condition, as contended by plaintiff, the above facts are sufficient for the jury to find the policy was in full force one week thereafter, when insured died. [Bonnot v. Grand Lodge, B. R. T., 229 Mo. App. 519, l. c. 530, 531.]

In considering the evidence on this point, after verdict, we are bound to assume as true all evidence favorable to plaintiff and reject as untrue all evidence unfavorable. [Bonnot v. Grand Lodge, B. R. T., 229 Mo. App. 519, l. c. 530.] The verdict of the jury will not be disturbed on appeal.

Defendant complains of the court modifying its instruction "C," so as to submit the issue of waiver; and of the giving of plaintiff's instruction "4," because the same submitted waiver of the non-payment of premiums when due, on the grounds plaintiff had not pleaded waiver. It contends the instruction was broader than the pleadings. There is no merit in this contention, for, as stated in the third paragraph of this opinion, it is not necessary, in an insurance case, for plaintiff to specifically plead waiver. See authorities there cited. This is an exception to the general rule that waiver must be specifically pleaded.

Complaint is made of the trial court's refusal to give defendant's instruction "D," which was, at most, an abstract proposition of law. Waiving any question of whether the abstract proposition therein enunciated is or is not the law, the giving of such instructions is generally condemned. [Underwood v. Hall, 3 S. W. (2d) 1044.] It was not error to refuse to give it. The judgment is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.