Blanchard v. Hodgkins.

—————

62 119
e98 471

BENJAMIN W. BLANCHARD *vs.* IVORY A. HODGKINS and another.

*Admissions. Exceptions. Evidence. Practice. Leading questions.*

Exceptions do not lie to the permission by the presiding justice of leading questions to a witness in the progress of his examination in chief. It is a matter within the discretion of the judge to sustain or overrule objections to the form of the questions.

Since the passage of the statutes making parties witnesses, it is competent to prove that, at a former trial between the same litigants involving the same subject matter, in the presence of the party, testimony was given tending to establish a bargain with him of a particular character, and that, at that time, though offering himself as a witness in his own behalf, he did not contradict such testimony.

ON EXCEPTIONS.

Reference is made to the opinion for the facts bearing upon the issues determined in this case, which is brought here upon exceptions by the defendants.

*Brown & Simpson,* for the defendants.

It should have been made to appear that Mr. Hodgkins heard the testimony against him, fully understood, and did not deny it. 1 Greenl. on Ev., §§ 193, 196, 197 ; *Ware v. Ware,* 8 Maine, 42 ; *Com. v. Kinney,* 12 Metc., 237.

*John Varney,* for the plaintiff.

BARROWS, J. The plaintiff sued in assumpsit upon an account annexed for the price of certain logs cut by him, under permits which he had assigned to defendants to secure them for supplies and money furnished to him in the progress of the operations, and upon an award of arbitrators upon the same subject matter. The award had been rejected by this court, as insufficient to be the foundation of a judgment under R. S., c. 108, on account of some irregularity in the submission, as to one of the parties. In the trial before the jury, the defendants claimed upon an account in set-off to recover commissions for selling the logs, and that it was part of the original agreement that they should have such commissions. The plaintiff resisted this claim, and offered evidence tending to show that he sold a portion of the logs to the defendants at a certain net price, and that the rest were not sold by the defendants. Both parties offered testimony upon these points— *pro* and *con.*; and the plaintiff in reply to questions, put by his own counsel, leading in form and objected to by the defendants, was allowed to testify in substance that the defendant Hodgkins was present at the hearing before the referees, and that then and there, in the presence of Hodgkins, witnesses for the plaintiff testified that the bargain between the parties, was that Hodgkins bought the spruce logs of Blanchard at $13.50 net cash ; and the plaintiff further testified that he was pretty sure Hodgkins was a witness before the referees in his own behalf, and that he (the plaintiff) did not recollect that he, in any way, contradicted the statements of the witnesses with regard to the bargain. The defendant excepts to the admission of this testimony. But we think the exception not tenable.

The judge presiding at the trial, may in his discretion, permit counsel to put leading questions to witnesses called by them, when in his opinion the examination may be thus made more brief and pertinent, and no perjury, mistake or injustice is apprehended. His refusal to entertain an objection on that score, is not the subject of exceptions.

We think the testimony was competent as tending to show an

Blanchard *v.* Hodgkins.

implied admission on the part of the defendant, that the bargain was as stated by the witnesses before the referees. Its force in that direction, and its value, were for the jury. It was subject to rebuttal, explanation and comment, if an inference prejudicial to the defendant, and not well founded in fact were likely to be drawn.

If the defendant did not hear the testimony before the referees, or did not comprehend it, or failed to contradict it then through forgetfulness or mistake, he could have said so now before the jury. If he did hear and understand it (as might fairly be inferred from the plaintiff's testimony) and allowed it to pass as true, unchallenged on his part at that time, the fact was one which the jury might properly weigh now.

The cases cited by defendants' counsel, which hold that a failure to contradict testimony given, or assertions made in the progress of judicial proceedings imports no admission of the truth of such testimony or assertions, all arose before the passage of the statutes allowing parties to be witnesses, and are inapplicable here.

Before the change in the law of evidence, the remarks of Shaw, C. J., in *Commonwealth v. Kenney*, 12 Metc., 237, were manifestly sound and pertinent on the question of the admissibility of such testimony as was given in the present case. But the ground on which these remarks rested was taken away by the change in the law.                    *Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, DANFORTH and PETERS, JJ., concurred.