SIMON HAUSER ET AL., APPELLEES, v. FANNY GOOD-STEIN, APPELLANT.

Submitted March 11, 1907—Decided June 10, 1907.

The rule that an undenied statement, made in the presence of a person implicated or interested, is a tacit admission of the facts asserted does not apply when such statement is made by a witness in the course of a judicial hearing in which the party implicated or interested could not interfere. To interrupt such proceeding to deny a statement made under such circumstances would be to charge the witness with perjury, and alike inconsistent with decorum and the rules of law.

On appeal from the Elizabeth District Court.

Before Justices FORT, HENDRICKSON and PITNEY.

For the appellant, *John J. Stamler.*

For the appellee, *John K. English.*

The opinion of the court was delivered by

FORT, J. This was an action to recover upon a book account. The account was sold to Joseph Goodstein, the husband of the defendant, and he was sued, and judgment recovered against him therefor. Subsequently the plaintiff learned that in the purchase of the bill of goods in question Joseph was in fact only the agent of the defendant, his wife.

The defendant being an undisclosed principal, such a suit will lie. *Greenburg* v. *Palmieri,* 42 *Vroom* 83.

A judgment was entered against the defendant, and this appeal is taken upon two grounds:

*First.* The improper admission of evidence.

*Second.* The refusal of the court to direct a verdict.

If the evidence objected to, and here alleged to have been illegally admitted, was admissible, then the refusal to direct for the defendant was not erroneous.

The evidence admitted over objection was the testimony of Joseph Goodstein, given in a suit for the claim of property, put in by this defendant, alleging she was the owner of many of the articles levied upon. The evidence of Joseph in that suit that he was acting as the agent of the defendant in purchasing the articles here sued for was offered and admitted over objection.

The evidence, we think, was inadmissible.

It was, at best, a mere proof of a declaration of agency made by the alleged agent after the alleged agency was terminated. An agency may not be established by proof of that kind.

But it is contended that it appeared by the proof that at the time when Joseph gave his evidence of the fact of agency the defendant was in court, seated a short distance from the witness, and could have heard, and did not deny, the statement, and hence the evidence must be given such force as is usually given to statements, made in the presence of a person, which call for some denial, or otherwise they may be taken as a tacit admission of their truth.

Whether such force is to be given to statements so made is in all cases subject to two conditions at least:

*First.* Whether the party heard the statement and comprehended it, and

*Second.* Whether he was in such a situation as called upon him to make a reply or denial. *Commonwealth* v. *Kenny,* 12 *Metc.* 235; *Donnelly* v. *State,* 2 *Dutcher* 463, 504, 601, 632; *Roesel* v. *State,* 33 *Vroom* 216, 235.

In this case the statement as to the agency was made on

the witness-stand in court, and conceding that the defendant was within hearing distance and heard, still it is clear that she was not in a situation where she could make reply or denial.

The rule in such a case is stated by Chief Justice Shaw, in *Commonwealth* v. *Kenny, supra,* in this way: "If (the statement) be made in the course of any judicial hearing, he could not interfere and deny the statement. It would be to charge the witness with perjury, and alike inconsistent with decorum and the rules of law."

The evidence admitted was illegal, and as without it the plaintiff failed to make out a case, the judgment of the District Court must be reversed, and a new trial granted.