### DEWEY v. NATIONAL CASUALTY CO.

(Supreme Court, Appellate Term.    May 4, 1911.)

INSURANCE (§ 395*)—CONSTRUCTION—WAIVER OF CONDITIONS.

A condition in a health policy that notice in writing should be given within 10 days of the beginning of the illness, and that a failure to do so should limit the liability of the company to one-fifth the amount of the indemnity, was not waived because the defendant repudiated its liability on the ground that the premium was not paid in time.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 395.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Hannis Dewey against the National Casualty Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Edwards C. Sohst (Theodore H. Lord, of counsel), for appellant.

Samuel A. Jacobson (Sol J. Freudenheim, of counsel), for respondent.

GERARD, J. Plaintiff sued on a policy of insurance issued to him by defendant. The action was brought to recover sick benefits under the policy.

The policy provided that, in consideration of a premium of $1 per month, the defendant would pay a sick benefit of $1 a day, providing notice in writing was given within 10 days from the beginning of the illness or date of the accident. Paragraph M of the policy is as follows: ·

"Written notice of * * * any illness must be given to the company * * * within ten days from * * * the beginning of the illness. Failure on the part of the assured or beneficiary to comply strictly with said notice requirement shall limit the liability of the company to one-fifth the amount of indemnity it would otherwise have to pay under the policy."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Whiteside v. North Am. Co., 200 N. Y. 320, 93 N. E. 948, the Court of Appeals held that such a provision was binding. It remains, however, to consider whether the company waived the benefit of the clause. It is urged by respondent that an insurance company can effectually waive a forfeiture by failure to file proofs of loss within the time specified without an agreement based on a new consideration, or where the circumstances do not amount to an estoppel. Brink v. Hanover Fire Ins. Co., 80 N. Y. 108. And, if such a condition is once waived, the company cannot recall the waiver and insist on the forfeiture. As was said in the Brink Case:

"They may refuse to pay without specifying any ground and insist upon any available ground, but, if they plant themselves upon a specified defense and so notify the assured, they should not be permitted to retract after the latter has acted upon their position as announced and incurred expenses in consequence of it."

See, also, Walker v. Phœnix Co., 156 N. Y. 628–633, 51 N. E. 392; Goodwin v. Mass. Co., 73 N. Y. 480; Kiernan v. Dutchess Co., 150 N. Y. 190–195, 44 N. E. 698; Hermann v. Niagara Co., 100 N. Y. 411, 3 N. E. 341, 53 Am. Rep. 197.

Here the company bases its defense on failure to pay a premium, following up a letter it sent plaintiff as follows:

"We have your preliminary notice of your disability due to illness. Your disability commenced January 24th; the January premium was not paid until the 20th; therefore your policy was not in force at the time the disability commenced. We shall therefore be unable to entertain your claim arising from this disability at this time."

But this is a total denial of liability under the contract. It does not follow that the company did not have the right to urge this provision M, which provides for a reduction in the amount of the sum payable if provision M is not complied with. If provision M had provided that there should be no payment under the policy if the notice were not given under provision M, then respondent's theory about waiver might apply; but as provision M provides, not for no payment, but for a different payment, in case its provisions are not complied with, there was no waiver of the provisions of M in asserting that the policy was not in force because of failure to pay premium.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.