## VULCAN INSURANCE COMPANY v. JOHNSON.

[No. 10,519. Filed November 5, 1920.]

1. APPEAL. — *Briefs.* — *Ruling on Demurrer.* — *No Exception Saved.*—*Review.*—Where it does not appear by appellant's brief that an exception was saved to a ruling on demurrer, assigned as error, the Appellate Court is not required to consider the question. p. 64.

2. INSURANCE.—*Policy Conditions.*—*Waiver.*—*Retention of Premium.*—A condition of unconditional ownership in insured is waived if at the time of issuance of the policy insurer is informed to the contrary and thereafter fails for an unreasonable time to rescind and retains the premium. p. 64.

3. INSURANCE.—*Actions on Policies.*—*Defenses.*—*Rejection of Claim on One Ground Waiver of Others.*—Where the insured rejected a claim for loss upon the sole ground that insured was not the sole and unconditional owner of the property destroyed, all other defenses were thereby waived. p. 64.

4. TRIAL.—*Direction of Verdict.*—*Insurance.*—Where the undisputed evidence shows that the insurer knew of the character of insured's title when the policy was issued, and again when proof of loss was made, and delayed to tender back the premium until two months after suit was brought and four months after proof of loss, defense based on a condition of the policy that it should be void if the insured's interest in the property was other than conditional and sole ownership, was waived, and all other defenses having been waived by the rejection of the claim upon the sole ground of breach of such condition, the court did not err in directing a verdict for insured. p. 64.

5. TRIAL.—*Verbal Direction of Verdict.*—*Instructions.*—It was not harmful error to verbally direct the jury to return a verdict for plaintiff, where the undisputed evidence required it, though there was a request that the jury be instructed in writing, as such direction was not a general instruction within the meaning of §558 Burns 1914, §533 R. S. 1881. p. 64.

6. APPEAL.— *Review.*— *Instructions Refused.*— *Record.*— Where instructions refused are not made part of the record, they will not be considered on appeal. p. 65.

From Marion Superior Court (105,304); *W. W. Thornton,* Judge.

Action by Archie Johnson against the Vulcan Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Carl J. Kollmeyer* and *Julian Sharpnack,* for appellant.

*James M. Ogden* and *S. C. Kivett,* for appellee.

NICHOLS, J.—Action by appellee against appellant on a fire insurance policy to collect insurance on account of the loss by fire of an automobile, which was insured under the terms of the policy. The action was commenced in Morgan county and venued to the Marion Superior Court.

Appellant filed five paragraphs of answer, the first a denial; the second, third, and fourth averred in effect a condition of the policy that it should be void if the insured's interest in the property was other than unconditional and sole ownership, and that the insured's interest was not sole and unconditional, being a purchaser's interest where the payment of the purchase price was in installments, with a condition that the title should remain in the seller until all installments were paid; and the fifth averred the amount that had been paid by appellee on the purchase price of the automobile and that it was the full amount that he should recover if he recover at all.

Appellee filed two paragraphs of reply to these paragraphs of answer, the first a denial, and the second averring in substance that appellee purchased the automobile from one John L. Partlow, paying a part of the purchase price in cash and giving his notes for the remainder thereof, with an agreement that, as security for the deferred payments, the title to the property should remain in said Partlow until the notes were paid, and that appellee should take out insurance on the property; that, at the time of the application for the insurance, appellee fully informed appellant's agent of the kind and character of his title and that, with such full knowledge, appellant issued the policy and accepted from appellee the premium; that the fire occurred March

3, 1916, that appellee furnished appellant with proof of loss April 24, 1916, at which time he again informed appellant of the nature of his title as in the beginning; that appellee's action was commenced in July, 1916, and that with full knowledge of the facts appellant retained the premium until in December, 1916, and that it made no offer to rescind before that time, and that appellant thereby waived the conditions of its policy averred in its paragraphs of answer.

A demurrer to this paragraph of reply was overruled, and the ruling is assigned as error. As it does not appear by appellant's brief that any exceptions were saved to the ruling on the demurrer, we are not required to consider the question, but we deem it expedient to cite authorities that confirm the court in its ruling on the demurrer. If, at the time of issuing the policy, an insurance company is informed that the insured is not the unconditional owner, or if afterward it receives such knowledge and thereafter fails to rescind for an unreasonable time and retains the premium, it thereby waives the condition. *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 102 N. E. 45; *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Caledonian Ins. Co.* v. *Indiana Reduction Co.* (1917), 64 Ind. App. 566, 115 N. E. 596; *Insurance Co., etc.* v. *Indiana Reduction Co.* (1917), 65 Ind. App. 330, 117 N. E. 273.

At the trial it appeared by undisputed evidence that upon the receipt of the proof of loss, which contained, among other things, the value of the property burned, which was not questioned, appellant rejected the claim upon the sole ground that appellee was not the sole and unconditional owner of the property destroyed. All other defenses were thereby waived (*Nat. Live Stock Ins. Co.* v. *Elliott* [1915], 60

Ind. App. 112, 108 N. E. 784) and, it appearing by undisputed facts that appellant knew of the character of appellee's title, when the policy was issued, and again when proof of loss was made, April 26, 1916, that suit was commenced July 5, 1916, and that it delayed to tender back the premium until September 2, 1916, this defense was waived, and the court did not err in instructing the jury at the close of the evidence to return a verdict for appellee for the full amount of his claim. *Insurance Co., etc. v. Indiana Reduction Co., supra.* Though there was a request that the jury be instructed in writing, it was not an error for the court to so instruct the jury verbally, as such direction was not a "general instruction" within the meaning of §558 Burns 1914, §533 R. S. 1881, and, even if it were, appellant could not have been harmed by such action.

Appellant contends that the court erred in refusing to give each of three instructions tendered by it, but these instructions were not in any way made a part of the record, and we do not therefore consider them. Judgment affirmed.