# Schaeffer, Trustee, Appellant, v. National Surety Co.

*Insurance—Burglary insurance—Affidavit of defense—Estoppel —Waiver.*

1. In an action on a policy of burglary insurance, plaintiff cannot set up two letters written by the insurance company, after an alleged burglary, cancelling the policy, as a denial of the existence of the policy, so as to limit the company's defense to the questions as to whether the policy existed or not, and deprive it from setting up in an affidavit of defense other and substantial grounds why it should not be called upon to pay any loss.

2. Such letters by their very terms are admissions that a policy was procured, issued and delivered to plaintiff.

Argued December 8, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 330, Jan. T., 1927, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1926, No. 842, discharging rule for judgment for want of sufficient affidavit of defense, in case of Samuel H. Schaeffer, trustee in bankruptcy of Harry Forman, trading as Forman Costume Co., substituted plaintiff for Harry Forman, trading as Forman Costume Co., v. National Surety Co. Affirmed.

Assumpsit on policy of burglary insurance.

Rule for judgment for want of sufficient affidavit of defense. Before McCullen, J.

The opinion of the Supreme Court states the facts. Rule discharged. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Isaac Hassler,* with him *Frank A. Chalmers,* for appellant.—The affidavits are evasive from beginning to end: Liever v. Assurance Corp., 1 Pa. D. & C. R. 181; McCaffrey v. Knights, etc., of Columbia, 213 Pa. 609; Moore v. Ins. Co., 196 Pa. 30; Wakely v. Ins. Office, 246 Pa. 268; Delaware Underwriters v. Ins. Co., 60 Pa. Superior Ct. 325; Harkins v. Ins. Co., 262 Pa. 43.

The company, having given as its reason for nonpayment that the policy had not been issued and delivered and was not in force and effect, cannot, after suit brought, set up any other defenses: Fulton F. Assn. v. Bomberger, 262 Pa. 43; Honesdale Ice Co. v. Imp. Co., 232 Pa. 293; Ry. Co. v. McCarthy, 96 U. S. 258; Lamborn v. Kirkpatrick, 288 Pa. 114; Liverpool, etc., Ins. Co. v. McCree, 105 S. (Ala.) 901; United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170; Western & A. Pipe Lines v. Ins. Co., 145 Pa. 346.

*David Bortin,* with him *Jacob Singer* and *Emanuel Furth,* for appellee.—The doctrine of waiver by estoppel sought by plaintiff to be invoked to secure a summary judgment is not applicable to this case: Freedman v. Fire Assn., 168 Pa. 249; Welsh v. Assurance Corp., 151 Pa. 607.

In the present case it is essential to plaintiff's right to recover that he shall prove (a) the commission of a burglary and (b) that he thereby lost goods of the value claimed.

A case substantially in point is Weinstein v. Globe Indemnity Co., 277 Pa. 388.

A stipulation in a policy of theft insurance that the company shall not be liable "unless books and accounts are regularly kept," so that the exact loss may be determined, is a proper one, and will be enforced: Gorson v. Accident & Liability Co., 283 Pa. 558; Skruch v. Ins. Co., 284 Pa. 299.

OPINION BY MR. JUSTICE FRAZER, January 23, 1928:

This case comes here on appeal from an order of the court below discharging plaintiff's rule to show cause why judgment should not be entered against defendant for want of a sufficient affidavit of defense. Plaintiff began an action to recover $21,675.80 upon a policy of insurance dated the 7th day of August, 1925, insuring plaintiff for twelve months to the amount of $30,000 against loss by burglary committed on the insured premises. As alleged in the statement of claim, nineteen days after issuance of the policy, the premises of plaintiff were entered and merchandise and property to the value of $21,669.30 "feloniously removed, taken and stolen therefrom." In its affidavit of defense, the insurance company asserted nonliability for the alleged loss, on the ground that grave breaches of the terms of the insurance contract by plaintiff existed, that the claim for payment of the sum named was made for the purpose of cheating and defrauding defendant, and also alleged violations by plaintiff of the provisions and requirements of the policy to the following effect: (a) the assured failed to keep books and accounts to enable the amount of the loss to be determined therefrom; (b) failed to maintain in working order the electrical protection burglary alarm system; (c) concealed the fact that plaintiff had sustained a burglary, theft or robbery within the preceding five years; (d) falsely stated in his application for the policy that no burglary, theft or robbery insurance applied for by him had ever been declined or cancelled; (e) falsely stated that he had no other burglary, theft or robbery insurance, and (f) that

such alleged loss, if any such occurred, was through the instrumentality of a servant or employee or other person lawfully upon plaintiff's premises.

The policy in question appears in full in the record, and an examination of its provisions discloses that all requirements alleged above to have been violated by plaintiff are minutely set forth therein. In further developing its main line of defense the insurance company asserts in its affidavit of defense that the insured has attempted to defraud and cheat defendant company......

"by presenting a claim for $21,675.80 as the amount and value of merchandise and property belonging to and stolen from the assured, [being the same alleged loss referred to in the statement of claim] whereas in truth and in fact, as the assured well knew, insured property of the amount of $21,675.80 had not been stolen from the assured by reason of the said alleged burglary, but, on the contrary, as the assured well knew, there was no burglary at all, and if there was one, the loss, if any, to the assured was not more than the sum of $1,500; that said false and fraudulent statement and the presentation of said false and fraudulent claim was knowingly made by the assured with intent to deceive and defraud this defendant, and to induce it to pay to the assured a greater sum than that which would otherwise be due."

These are of course items which, if allowed to be proved, would constitute a good defense to plaintiff's claim, and, as the learned court below observes, plaintiff does not seriously dispute that conclusion, but sets up the contention, and his counsel argues with energy, that the insurance company is "estopped" from setting up defenses, on the ground that in certain letters sent by defendant company to plaintiff, the insurer has denied existence and delivery of the policy in question and that this repudiation of the contract was in effect a waiver and estoppel to set up as defenses a series of other reasons and breaches of the terms of the policy, and that defendant's only available defense "is the single

one of the existence or nonexistence of the contract," with the result that the insurance company is without any defense which it will be permitted to establish. It is, however, not necessary to enter into a consideration of the doctrine of waiver and estoppel under the circumstances developed here, for unfortunately for plaintiff the facts as presented in the record are quite in conflict with the argument of his counsel. These facts do not show a waiver of defenses by defendant and therefore do not create a situation to which the principle of waiver by estoppel applies. The letters in question, according to their terms and meaning as plaintiff pretends to understand them, gave, as the reason for nonpayment by defendant of the alleged loss, that the policy had not been issued and was not therefore in force and effect at the time of the alleged burglary. These letters appear in full in the record. One, dated the 26th day of August, 1925, a few days subsequent to the alleged burglary, was a brief notice to the effect that "the company had elected to exercise its right of cancellation," and "does hereby cancel such policy, said cancellation to be effective from noon August 27, 1925." The second letter, dated the 14th day of January, 1926, about four months later, contained a repeated notice of the cancellation of the policy and a returned check for the full amount of the premium paid on the policy by plaintiff, and the letter stated that the reason for the return of this check was, "as this company is not entitled to this premium, by reason of the circumstances under which the policy was procured and by reason of the cancellation of the insurance." How it is possible to drag out from either of these letters a denial of the existence or of nondelivery of the policy in question we are entirely unable to see. They are in fact by their very terms plain admissions that a policy was procured, issued and delivered to plaintiff. It is not to be supposed that the insurance company would practice such an absurdity as to give formal notice of its cancellation of a policy which it had

never issued or delivered. Moreover, defendant in its affidavit of defense expressly admits existence and delivery of the insurance contract here in question. These letters, as the court below observes, speak for themselves. They constitute an acknowledgment of the issuance and delivery of the policy. They erect no barrier to the defenses offered by defendant and contain nothing tending to show an indication on defendant's part to base its defense upon the ground that a contract of insurance never existed. We accept the conclusion of the learned court below as follows: "We see no inconsistence in the conduct of the defendant in the presentation of its defense, nor anything indicating that, in the presentation of its defense, the insured has been misled to his disadvantage. The doctrine of waiver by estoppel sought by the plaintiff to be invoked to secure a summary judgment is not applicable to this case."

The main facts here are manifestly in dispute, and must either prove the contention of the plaintiff that there was a burglary, whereby goods of the value claimed were stolen, or prove the claim of defendant that the alleged burglary and loss did not occur and that plaintiff's claim is made for the purpose of cheating and defrauding defendant insurance company. These are questions for a jury to decide.

Judgment affirmed.