The subject-matter not having been touched in direct examination, question as to whether plaintiff or his wife had paid first premium on other applications for insurance was not proper cross-examination, for it cannot be shown that a person does or does not do some particular act because he did or did not do the same or similar act on a previous occasion. State v.Donaldson, 101 Vt. 483, 141 A. 684, 685; State v. Lapan,101 Vt. 124, 140, 141 A. 686, 694; Loomis, b.n.f. v. Abelson,101 Vt. 459, 144 A. 378, 379; Ronan v. Turnbull Co. et al., 99 Vt. 280, 290, 131 A. 788; Farnham Sons v. Wark, 99 Vt. 446, 450,134 A. 603; Scott v. Bailey, 73 Vt. 49, 51, 50 A. 557; State
v. Wilkins, 66 Vt. 1; Phelps v. Conant, 30 Vt. 277.
Where denial of liability by an insurance company is placed upon a particular specified ground, other grounds are waived, and the company is estopped from asserting them. Railway Company v.McCarthy, 96 U.S. 258, 267, 268, 24 *Page 355 
L. ed. 693; Brink v. Insurance Co., 80 N.Y. 108, 113; Holt v.Natl. Life Acc. Ins. Co. (Mo. App.), 263 S.W. 524, 525;Security Ins. Co. v. Laird (Ala.), 62 So. 182, 184; Liverpool London Globe Ins. Co., Ltd., of Eng. v. McCree, 213 Ala. 53,105 So. 901, 902; Travelers' Ins. Co. v. Plaster, 210 Ala. 607,98 So. 909, 911; Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812, 813; Vulcan Ins. Co. v. Johnson,74 Ind. App. 62, 128 N.E. 664; National, etc., Co. v. Elliott,60 Ind. App. 112, 108 N.E. 784;Travelers Ins. Co. v. Fletcher American Natl.Bank (Ind.), 150 N.E. 827; Moore v. Natl. Acc. Co., 38 Wn. 31, 80 P. 171; Smith v. Grange Mut. Fire Ins. Co., 234 Mich. 119,208 N.W. 145; Danville v. Farmers' Mut. Fire Ins. Co. (Mich.), 71 N.W. 517; Towle v. Ionia, Eaton Barry Farmers' Mut. Fire Ins.Co., 91 Mich. 219, 51 N.W. 987; Farmers' Milling Co. v. MillOwners', etc., Ins. Co., 127 Iowa, 314, 103 N.W. 207, 208;Western Atl. Pipe Lines v. Home Ins. Co., 145 Pa. 346, 22 A. 665, 27 A.S.R. 703; Michael v. Mutual Ins. Co., 10 La. App. 737;Ward v. Queen City Fire Ins. Co., etc., 69 Or. 352, 138 P. 1065, 1068; Snyder v. Supreme Ruler, 122 Tenn. 265, 122 S.W. 981, 986, 45 L.R.A. (N.S.) 209; Hay v. Bankers' Life Acc. Co. (Mo.),231 S.W. 1035; Second Natl. Bk. v. Lash Corp., 299 Fed. 371; Herman on Estoppel, §§ 1210, 1211; Note, Vol. 10 Rose's Notes, pp. 130-134; Clarke v. Travelers Ins. Co., 94 Vt. 383, 391, 111 A. 449; Mellen v. U.S. Health Acc. Ins. Co., 83 Vt. 242, 247, 248, 75 A. 273; Frost v. North British Merc. Ins. Co., 77 Vt. 407, 418, 60 A. 803; Stoddard v. Cambridge Mutual Fire Ins.Co., 75 Vt. 253, 54 A. 284.
While waiver and estoppel are often a mixed question of law and fact, rendering submission thereof to the jury necessary, where, as here, there was no dispute as to the contents of defendant's letters denying liability, nor as to the state of the pleadings at the previous trial as to the defenses relied upon, it was the court's duty to instruct the jury as to the legal effect of these undisputed facts as constituting waiver and estopping defendant from asserting the additional defense that premium was not paid during the lifetime of insured. Towle v. Ionia, Eaton BarryFarmers' Mut. Fire Ins. Co., 91 Mich. 219, 51 N.W. 987, 989; Hay
v. Bankers' Life Co., 207 Mo. App. 277, 231 S.W. 1035, 1037;Hollings v. Bankers' Union, 63 S.C. 197, *Page 356 41 S.E. 90; Rogers v. Atlantic Life Ins. Co., 135 S.C. 89,133 S.E. 215, 45 A.L.R. 1172.
The law does not favor forfeitures in insurance policy contracts, and courts are always prompt to lay hold of any circumstance that indicates an election to waive a forfeiture already occurred. Mellen v. U.S. Health Acc. Ins. Co., supra;Francis v. London Guaranty Acc. Co., 100 Vt. 425, 430,138 A. 780; Webster v. State Mut. Fire Ins. Co., 81 Vt. 75, 80, 69 A. 319; Royal Ins. Co. v. Drury et al. (Md.), 132 A. 635.
Statements made by defendant's counsel at former trial to the effect that it was then relying wholly on alleged misrepresentations and concealment, for the purpose of securing permission to file amendments to defendant's answer, constitute judicial admissions binding upon the defendant. Citizens SavingsBank Trust Co. v. Fitchburg Mut. Fire Ins. Co., 87 Vt. 23, 32, 86 A. 1056; Oakes et al. v. Buchman, 87 Vt. 187, 190, 88 A. 736; U.S. for Lyman Coal Co. v. U.S. Fidelity Guar. Co., 83 Vt. 278, 281, 75 A. 280; Hall v. Fletcher, 100 Vt. 210, 212,136 A. 388.
The defendant could waive the kind of receipt for premiums specified in the policy, the provision being for its benefit and its purpose to protect the company from unauthorized payments to local agents or collectors, and payment of premium to the company's agent who used another form of receipt supplied by defendant for that purpose was payment to the company. Kimball v.New York Life Ins. Co., 96 Vt. 19, 26, 116 A. 119; Frost v.North British Merc. Ins. Co., 77 Vt. 407, 60 A. 803; Powers
v. New England Fire Ins. Co., 68 Vt. 390, 395, 35 A. 331, 26 C.J., p. 281, § 352, and cases cited; Kansas City Life Ins. Co.
v. Elmore (Tex.), 226 S.W. 709, 713, 32 C.J. "Insurance," p. 1200, § 333; Equitable Life Assur. Co. v. Cole et al.,35 S.W. 720; Arthurholt v. Susquehanna Mut. Fire Ins. Co., 159 Pa. 1, 28 A. 197, 39 A.S.R. 659.
An insurance company may waive provisions in the policy by a course of conduct. Crosby v. Vermont Acc. Ins. Co., 84 Vt. 510, 513, 80 A. 817; Fraser v. Home Life Ins. Co., 71 Vt. 482, 486, 45 A. 1046; Halliday v. Equitable Life Assur. Soc., 54 N.D. 466, 209 N.W. 965, 47 A.L.R. 446; Mutual Reserve Fund Life Assn.
v. Tuchfield, 86 C.C.A. 657, 159 Fed. 833; Bankers' Health LifeIns. Co. v. Givvins, 12 Ga. App. 378, *Page 357 
77 S.E. 203; Boutin v. National Casualty Co., 86 Wn. 372, 150 P. 449.
With respect to payment of the premium the rights of the parties were fixed, and, since plaintiff could not and did not alter his position or suffer any legal detriment in relation to the premium, there was no effective waiver or estoppel. 14 R. C.L., p. 1196; Armstrong v. Agricultural Insurance Co., 130 N.Y. 560, 29 N.E. 991; Gibson Electric Co. v. Liverpool, etc.,Insurance Co., 159 N.Y. 418, 54 N.E. 23; Second Natl. Bk. ofAllegany v. Lash Corporation, 299 Fed. 371; Kerr v. MilwaukeeMechanics' Ins. Co., 117 Fed. 442, 54 C.C.A. 616; Welch v. LondonAssurance Corp., 151 Pa. St. 607, 25 A. 142, 31 A.S.R. 786; Cooley's Briefs on Insurance (2nd ed.), Vol. 5, p. 4322.
Statements in letters from defendant company to plaintiff that insurance was ineffective from its inception and that this insurance was never effective were a total denial of liability under the contract, and so did not waive the defense that the insurance was ineffective until the first premium was paid in accordance with the terms of the policy during the lifetime of the assured. Dewey v. National Casualty Co., 129 N.Y.S. 136, 72 Misc. Rep. 23; Eunis v. Retail Merchants Assn. Mut. Fire Ins.Co., 33 N.D. 20, 156 N.W. 234; Taylor-Baldwin Co. v. NortheasternFire Marine Ins. Co., 18 N.D. 343, 122 N.W. 396, 20 Ann. Cas. 432; Mohr v. Woman's Benefit Assn. of Macabees, 127 Kans. 512, 274 P. 210; Fraser v. Ætna Life Ins. Co., 114 Wisc. 510, 90 N.W. 476; Callen v. Massachusetts Protective Assn., 24 Fed. (2d) 695; Schaeffer v. National Surety Co., 292 Pa. 81, 140 A. 621;Volunteer, etc., Ins. Co. v. McGinnis, 29 Ga. App. 370, 115, S.E. 287; Cassimus Brothers v. Scottish Union, etc., Ins. Co.,135 Ala. 256, 33 So. 163; Travelers Ins. Co. v. Nax, 73 C.C.A. 649, 142 Fed. 653; Becker v. Interstate Business Men's Assn., 265 Fed. 508; Volunteer State Life Ins. Co. v. McGinnis, 29 Ga. App. 370, 115 S.E. 287.
There was no error in excluding from the consideration of the jury remarks of defendant's counsel at the previous trial respecting its motion to amend its answer, for even though statement of counsel be treated as an admission for the purpose *Page 358 
of the first trial it was not binding at the subsequent trial.Murphy v. Gillum, 79 Mo. App. 564; Indiana Harbor Belt R.R. Co.
v. Green, 289 Ill. 81, 124 N.E. 298.
The court properly refused plaintiff's request to instruct the jury that the defendant by its letters, and pleadings in the former trial had made a choice of defenses, and had waived the right to claim that the premium was not paid during the life of the insured, and was estopped from now asserting it. Moulor v.Am. Life Ins. Co., 111 U.S. 335, 28 L. ed. 447, 4 Sup. Ct. 466;Davis v. O'Hara, 266 U.S. 314, 321, 69 L. ed. 303, 308, 45 Sup. Ct. 104; Baltimore Life Ins. Co. v. Farhney, 132 Md. 222,103 A. 450; Shippy v. Village of Ausable, 85 Mich. 280, 48 N.W. 584, 587; Jacobs v. Queen Insurance Co., 183 Mich. 512, 150 N.W. 147; 20 R.C.L. 317, 318.
Defendant was entitled to show any conduct by the plaintiff which tended to impeach him, including the accusation of the court at the previous trial that plaintiff was shaking his head toward witness, and defendant's counsel had a right to comment thereon, however vigorously, in argument. Jones on Evidence, p. 155, § 138; Commonwealth v. Ming, 202 Mass. 121, 88 N.E. 918;Green v. LaClair, 89 Vt. 346, 351, 95 A. 499.
We have here the record of a retrial of Cummings v. ConnecticutGeneral Life Ins. Co., 101 Vt. 73, 142 A. 82. The retrial was by jury, and was on amended pleadings. It resulted in a verdict for the plaintiff for the amount of the quarterly premium received by the defendant, with some interest and costs, amounting in all to $24.02, which sum the defendant conceded was due the plaintiff, and had paid into court, Judgment was rendered on the verdict for the plaintiff, and he excepted.
The plaintiff was a witness in his own behalf, and in cross-examination he testified that he and his wife had made previous applications for life insurance, and he was asked this question: "Q. And up to that time neither of you had paid the first premium, had you?" Objection was interposed and overruled. The witness answered, "No." Thereupon an exception was claimed and allowed. But there is nothing in the record to indicate that the exception was treated below as seasonably claimed, so, the answer being responsive, we can do nothing but apply the ordinary rule and hold that the exception *Page 359 
is unavailing. Ford v. Hersey, 92 Vt. 405, 412, 104 A. 875;Reeves v. Redmond, 95 Vt. 106, 109, 113 A. 711.
One of the defenses made by the defendant, and one now covered by the amended pleadings, was that the quarterly premium above referred to did not reach the defendant during the life of the insured. The evidence of the defendant tended strongly to establish that fact. By divers exceptions and in various ways the plaintiff raised the question that the defendant, by its conduct and assertions, had waived that forfeiture, if it had occurred.
It appeared that the defendant wrote a letter to the plaintiff and somewhat later another to his counsel. In the former, the defendant took the position that the policy was obtained by certain false representatives regarding the health of the applicant, and asserted that if the true facts had been known, the company would have declined the risk. "We have no option now," says the letter, "but to return to you all premiums paid with interest thereon, as this insurance was issued upon a misrepresentation of the facts and was ineffective from its inception." Nothing is said in the letter about the failure of the premium to reach the company while Mrs. Cummings was yet alive or any defense to the policy other than the false representations referred to above. In the letter to the plaintiff's counsel, the defendant insists that Mrs. Cummings' application contained material misrepresentations with regard to her physical condition and past history, and concludes with this statement: "We have no option but to maintain our previous position, which is to the effect that this insurance was never effective." This letter, too, is silent as to the defense now under discussion.
The defendant insists that these letters assert two grounds for its refusal to pay the policy in question: (1) False representations; and (2) the policy was never effective. And it argues that by this construction, the new defense is saved to it, whatever the result might otherwise be. But the true meaning of the letters seems too plain to admit of this construction. What the defendant means by the language used in the letters is that the policy never became effective because of the false representations in the application. If confirmation of this statement was required, it would be found in Deft's Exhibit E, which is the record card of this policy from the office of the general *Page 360 
agent of the company, whereon this notation appears: "Not settled because of misstatement at time app. (application) was written."
The defendant argues that a waiver of a defense in order to be effective must embrace all of the elements of an equitable estoppel, and cites cases so holding. But that is not the law of this State. In Webster v. State Mutual Fire Ins. Co., 81 Vt. 75, 80, 69 A. 319, this Court took occasion to draw the distinction between a waiver and an estoppel as it exists in insurance law, and to lay down the rule that, when an insurer elects not to take advantage of a forfeiture, he waives it, and cannot assert it in defense, though the insured was not misled to his prejudice. Such a waiver may be express or implied, before or after the forfeiture. Bates v. German Commercial Acc. Co., 87 Vt. 128, 130, 88 A. 532, Ann. Cas. 1916C, 447. An insurance company which thus waives a forfeiture is bound to treat the contract of insurance as though no forfeiture had occurred. Francis v. LondonGuaranty Acc. Co., 100 Vt. 425, 430, 138 A. 780, 782.
In Frost v. North British Mercantile Ins. Co., 77 Vt. 407, 418, 60 A. 803, it was held that a denial of liability on a specified ground unconnected with the proof of loss, made within the time such proof was required, is a waiver of that proof. To the same effect are Mellen v. U.S. Health Acc. Ins. Co., 83 Vt. 242, 248, 75 A. 273, and Clarke v. Travelers' Ins. Co., 94 Vt. 383, 391, 111 A. 449. The rule as stated in these cases and other earlier ones therein cited carried the Court as far as it was necessary to go in order to dispose of the questions there presented. But the Webster Case, the Bates Case, and the Francis Case show that the waivers would have been just as effective if they had followed the forfeitures. The logic of those cases requires us to take the broad ground that, when one defense is specified by an insurer as its reason for refusing to pay a loss, all others are waived.
This doctrine finds support in many cases of which the following are accessible: Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182, 184; Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909, 910; Watts v. Metropolitan Life Ins. Co.,211 Ala. 404, 100 So. 812, 813; London Lancashire Ins. Co. v.McWilliams, 218 Ala. 503, 119 So. 15, 16; Powers v. Bohuslav,84 Neb. 179, 120 N.W. 942, 944; Hilmer v. Western Travelers' Acc.Assn., 86 Neb. 285, 125 N.W. 535, 537, 27 L.R.A. (N.S.) 319; *Page 361 Yates v. New England Mutual Life Ins. Co. (Neb.), 220 N.W. 285, 287; Smith v. German Ins. Co., 107 Mich. 270, 65 N.W. 236, 30 L.R.A. 368, 372; Smith v. Grange Mutual Fire Ins. Co., 234 Mich. 119, 208 N.W. 145, 146; Wyatt v. Henderson, 31 Ore. 48, 48 P. 790; Eaid v. National Casualty Co., 122 Ore. 547, 548,259 P. 902. See, also, McCormick v. Royal Ins. Co., 163 Pa. 184, 29 A. 747, 750; Western, etc., Pipe Lines v. Home Ins. Co., 145 Pa. 346, 22 A. 665, 27 A.S.R. 703, 708; Brink v. Insurance Co., 80 N.Y. 108; Vulcan Ins. Co. v. Johnson, 74 Ind. App. 62, 128 N.E. 664, 665; Travelers' Ins. Co. v. Fletcher Am. Natl. Bank, 84 Ind. App. 563, 150 N.E. 825, 827; Snyder v. Supreme Ruler of theFraternal Circle, 122 Tenn. 248, 122 S.W. 981, 45 L.R.A. (N.S.) 209, 214; Royal Ins. Co. v. Drury, 150 Md. 211, 132 A. 635, 643, 45 A.L.R. 582.
It is to be noted that some of the cases say in effect that the waiver estops the insurer. But, as was suggested in the Webster Case, the terms "waiver" and "estoppel" are often used as meaning the same thing. In some cases cited, the word "estops" is so used, and is not to be given its technical meaning. In others, the court finds the element of prejudice to the insured in the fact that he has brought suit relying upon the expressed or indicated attitude of the company toward his claim.
The Supreme Court of the United States, as do one or two of the state courts, extends the application of this rule to cases other than insurance cases, saying that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law." Ohio Miss. Ry. Co. v. McCarthy, 96 U.S. 258, 267, 24 L. ed. 693, 696.
The rule works no hardship on the insurer. Considerations of public policy require that he shall deal with his individual customer with entire frankness. He may refuse to pay and say nothing as to the basis of his refusal. In that case, all defenses to an action on the policy are available to him. He may refuse to pay on a particular ground reserving the right to defend on other grounds, with the same result. But, when he deliberately puts his refusal to pay on a specified ground, and says no more, he should not be allowed to "mend his hold" by asserting other *Page 362 
defenses after the insured has taken him at his word and is attempting to enforce his liability.
It is not suggested that this defendant acted in ignorance of the facts. Nor could such a suggestion be accepted, for all the facts were in its possession in written or printed form.
Waiver is usually a question of fact, since the question most always depends on acts or declarations of an indecisive and doubtful character. Wells, Law Fact, § 124. But, where all the facts and circumstances are undisputed, the question is for the court. Wells, § 250; 27 R.C.L. 912. The case in hand is of the latter class, and there is nothing to do but say as we did in the Francis Case that the facts and circumstances are "so inconsistent with the purpose to assert the forfeiture and so convincing of an intent to waive it, that it must be held to amount to a waiver as matter of law.
This disposition of the matter makes it unnecessary to consider the effect of the so-called temporary receipt, Plff's. Exhibit 2. The plaintiff by one of his requests to charge (No. 2) asked for an instruction to the effect that the letters referred to, "and its (defendant's) further conduct in failing to raise such issue (the issue that the policy did not become effective on account of non-payment of the premium during the life of the insured) by its pleadings in the previous case" amounted to a waiver, etc. This request was not complied with, and the plaintiff excepted. The request was defective in that it included an unsound provision. The defendant's conduct in failing to raise the issue at the former trial had no effect on the waiver. Nothing herein said is to be taken as precluding the defendant from availing itself in a subsequent trial of any defense which it had not waived prior to the bringing of a suit on the policy. There was no error in this connection. Vaughan v. Porter, 16 Vt. 266.
There was no error in the exclusion of the testimony of Frank Burr regarding the plaintiff's health. That question was not before the court. The physical condition of Mrs. Cummings was involved, and could be shown. But the reason why she worked out of doors was of no importance. It was too remotely relevant to the condition of Mrs. Cummings' physical condition to make its exclusion error. In re Claflin's Will, 75 Vt. 19, 22, 52 A. 1053, 58 L.R.A. 261. *Page 363 
During the cross-examination of the plaintiff, he was inquired of regarding his telling his children how to testify in the case. And he denied that he ever told them what to say. Thereupon, he was asked if at the former trial he did not, from his place within the bar, attempt to instruct his daughter, Myrtie, as to how to testify. He denied it. For the purpose of impeachment, the defendant offered certain questions, answers, and comments of the presiding judge as shown by the transcript of the testimony in that trial. This was objected to on the ground that it was irrelevant, but not on the ground that it was incompetent. It was received and the plaintiff excepted. So much of the transcript as was admitted reads as follows: "Q. The other day after some one had been testifying here, wasn't your father telling you right down there on the first landing to the stairs that you had got to deny that when you took the stand? A. I don't remember that he did. Q. Don't you remember that he stood right down there and he was doing like this (indicating) and telling you that you had got to deny that when you took the stand? Q. Don't you remember that, Miss Cummings? The court: If you do that again, sir, the court will deal with you; and the court is referring to the shaking of the head of the plaintiff toward the witness."
At that trial, the plaintiff did not deny the fact charged against him by the court; but at the trial under review, he explained the matter by testifying that he did move his head, but not at the witness.
The credibility of a witness is always open to attack, and a wide latitude is allowable to a cross-examiner for the purpose of showing who and what the witness is. State v. Slack, 69 Vt. 486, 493, 38 A. 311; Shores v. Simanton, 99 Vt. 191, 196,130 A. 697. It is a matter lying largely in the discretion of the trial court — as we have often held. The plaintiff insists that his evidence involved a collateral matter on which the witness could not be impeached. It is true that such matters may not be gone into for the mere purpose of eliciting something to contradict. But collateral matters may be within the discretion of the court.Hambleton v. U. Aja Granite Co., 95 Vt. 295, 299, 115 A. 102. If this plaintiff, at the former trial, coached his witness or attempted to do so, by signals indicating what answer he desired her to give, it was a flagrant impropriety wholly inconsistent with honesty and good faith. His act *Page 364 
would be of the same character and effect as if he had instructed or attempted to instruct the witness before she took the stand. It would amount to an implied admission against him (1 Elliott, Ev. § 226; Com v. Min Sing, 202 Mass. 121, 88 N.E. 918, 919), and would be evidence of his unreliability as a witness.
But the question before us is one of an admission. The fact that the plaintiff thus attempted to coach the witness could not be proved by the transcript, alone. So far as this trial is concerned, it showed an unsworn statement of the presiding judge, which would be hearsay. Its probative value, if it has any, lies in the fact that it was undenied by the plaintiff. Its admissibility, then, depends upon the question whether the plaintiff was obliged to deny it to avoid the implication that he admitted that it spoke the truth. If the occasion was such that he was not called upon to deny the accusation therein, the transcript and his silence were irrelevant. Lawson, Presumpt. Ev. 632. In very many cases silence amounts to an admission. But to have this effect, the circumstances must be such as to call for or admit of some reply by way of denial or explanation. It is in such cases only that "silence gives consent." So it is that, generally speaking, silence at a judicial proceeding cannot be treated as assent. 2 Wig. Ev. § 1072. This question has usually arisen in criminal cases wherein a witness has made some incriminating statement which the respondent does not deny, likeCom. v. Zorambo, 205 Pa. 109, 54 A. 716, 717, and Com. v.Kenney, 12 Metc. (Mass.) 235, 46 A.D. 672. But Hauser v.Goodstein, 76 N.J. Law, 66, 66 A. 932, was a civil case, as wasBuchanan v. Morris, 198 Ind. 79, 151 N.E. 385, 389. In these cases it was held that the doctrine of acquiescence did not apply to silence at judicial proceedings. Chief Justice Shaw, in Com.
v. Kenney, supra, laid down the rule to this effect: If the statement is made by a witness during judicial proceedings, the party sought to be charged with assent to it cannot interfere and deny it, since that would be to charge the witness with perjury, and be alike inconsistent with decorum and the rules of law. The last clause of this statement is no longer applicable, because a party may now be a witness, but could not be at the time that opinion was written, as was pointed out in Blanchard v. Hodgkins,62 Me. 119, 121.
This Court has recognized this rule. It was said by Judge Peck in State v. Gilbert, 36 Vt. 145, that "what is stated in the *Page 365 
presence and hearing of a party under circumstances calling for a reply, is sometimes admissible against the party if not contradicted by him. But this is not true as applicable to testimony against a party in the course of judicial proceedings, especially in a case where the party cannot testify the occasion not being one that calls for a reply or contradiction, and hence there is no implied admission arising from the silence of the party."
The situation of the plaintiff at the time the court rebuked him was such that an immediate denial was not to be expected. It would have been "inconsistent with decorum." Not only would it have interrupted the orderly progress of the trial, it would have involved the plaintiff in a dispute with the court, and would or might have seriously prejudiced his case before the jury. He was not then in a position properly to do more than he did do, and therefore no admission was then involved in his silence.
But subsequently in that trial, this plaintiff was a witness for himself, and his failure to improve that opportunity to deny or explain the charge made by the court is as significant as if an opportunity for immediate denial was offered and declined. 2 Chamb. Ev. § 1431; 2 Jones, Ev. § 290; Blanchard v. Hodgkins,supra; Harlow v. Perry, 114 Me. 460, 96 A. 775, 777, Ann. Cas. 1918C, 37.
This is the logical result, though it is held otherwise in some jurisdictions. Thus in Blackwell D.T. Co. v. McElwee, 96 N.C. 71,1 S.E. 676, 60 A.R. 404, it is held that the rule did not apply though the party afterwards took the stand as a witness; but Professor Wigmore says that on this point the case is wrong. 2 Wig. Ev. (2nd ed.) § 1072, note 11.
There was no error in admitting this evidence.
Subject to exception, defendant's counsel said in argument, "This plaintiff, Asa Cummings, instead of going to a doctor whom they knew, went to a stranger." This referred to Dr. Weymouth, who examined Mrs. Cummings at the time she made her application, and the inference which the jury was expected to draw from it was that the plaintiff sought out this doctor for some fraudulent purpose. There was evidence tending to show that Dr. Weymouth was selected to make the examination by the defendant's agent, Shores. If that had been all the evidence on that subject, the argument would have been *Page 366 
improper. But there was more to it. The testimony of Dr. Allen tended to show that Dr. Weymouth was selected because the plaintiff thought that he would be more likely to "pass" Mrs. Cummings than some other doctor. We cannot say that the argument was unwarranted.
The argument wherein suggestion was made that Mrs. Cummings took heart tablets just before her examination was improper and should have been omitted. The only basis found in the evidence for it was the fact that she had such tablets, and that she gave false answers in her application. This gave rise to nothing more than a surmise that she may have thus deceived Dr. Weymouth. The argument regarding her brother's varicose ulcer was too unimportant to have been harmful.
The plaintiff seasonably requested the court to charge the jury to the effect that the plaintiff was under no obligation to inform the defendant of the change in his wife's physical condition unless he knew that he was the beneficiary named in the policy. This request was refused, and the plaintiff excepted.
This instruction should have been given. The company's defense was based in part on the plaintiff's concealment of the fact referred to. Concealment of the character to avail an insurance company as a defense, is defined to be "a designed and intentional withholding of any fact material to the risk, which the assured ought in honesty and good faith to communicate."Mascott v. First Nat. F. Ins. Co., 69 Vt. 116, 125, 37 A. 255, 258. There is no doubt that when a material change for the worse in the health of the applicant takes place after the making of the application and medical examination and before the policy becomes effective, it is the duty of the applicant to disclose it, if he knows about it. Fitzgerald v. Metropolitan Life Ins.Co., 90 Vt. 291, 300, 98 A. 498; Cummings v. Conn. Gen. LifeIns. Co., 101 Vt. 73, 89, 142 A. 82. Knowledge lies at the very foundation of the duty. Livinggood v. N.Y. Life Ins. Co., 287 Pa. 128, 134 A. 474, 476. Such is the law when the concealment of the insured is relied upon. But here the defendant relies upon the concealment of this plaintiff, the beneficiary. No doubt the law above stated applies to him, if he was in duty bound to speak. But a stranger to the policy would be under no obligation to report to the company, nor would his *Page 367 
silence stand in his way if it should turn out eventually that he sought some benefit from the policy. If a beneficiary named in the policy is ignorant of his relation to it, he is under no obligation to tell what he knows. Knowledge of that fact is an essential element of a defense predicated upon his silence. He was the agent of the insured, to be sure, in forwarding the premium, but this fact, alone, did not impose upon him the duty of disclosing a matter having nothing to do with his agency.
There was no question for the jury regarding the effect which the so-called "flu" had on Mrs. Cummings' health. By all the evidence, it was a temporary ailment, not serious in character, which did not affect her general health, and the court should have so instructed the jury.
Judgment reversed, and cause remanded.